**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| HARTFORD ACCIDENT AND INDEMNITY COMPANY and FIRST STATE INSURANCE COMPANY, | |
| Plaintiffs, | |
| v. | |
| THE DOE RUN RESOURCES CORPORATION f/k/a ST. JOE MINERALS CORPORATION, | |
| and | |
| ZURICH AMERICAN INSURANCE COMPANY as successor-in-interest to ZURICH INSURANCE COMPANY, U.S. BRANCH | No. 4:08-CV-01687-CAS  JURY TRIAL DEMANDED |
| Defendants. | |
| THE DOE RUN RESOURCES CORPORATION, | |
| Counter-Claimant, | |
| v. | |
| HARTFORD ACCIDENT AND INDEMNITY COMPANY and FIRST STATE INSURANCE COMPANY, | |
| Counter-Defendants. | |

**THE DOE RUN RESOURCES CORPORATION'S**
**ANSWER TO COMPLAINT AND COUNTER-CLAIM**

Defendant The Doe Run Resources Corporation f.k.a. St. Joe Minerals Corporation f.k.a. St. Joseph Lead Company ("Doe Run"), by and through their attorneys, and for their Answer and Affirmative Defenses to Plaintiffs, Hartford Accident And Indemnity Company and First State Insurance Company ("Plaintiffs" or "Hartford"), states the following with respect to each of the paragraphs set forth in the Complaint:

<u>**NATURE OF THE ACTION**</u>

1.      **Answer**:  Doe Run admits the Complaint presents claims for Declaratory Relief.  Doe Run denies that actual controversies exist between Plaintiffs and Defendants with respect to all claims presented in the Complaint and denies that every controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

2.      **Answer**:  Doe Run admits that since at least the mid-1990's, Doe Run has been named as a Defendant in various lawsuits alleging injuries and/or damage arising from Doe Run's operation of a lead smelter in Herculaneum, Missouri, and that some of these lawsuits include claims alleging diminution of value of property and/or for medical monitoring. Denied with respect to all remaining allegations.

3.      **Answer**:  Doe Run denies that it has sought coverage from Hartford under all of the Policies, as the term Policies is defined, but has sought coverage under some of the Policies for certain Underlying Actions, as set forth in various correspondence between Doe Run and Hartford.  Admitted with respect to the remaining allegations.

4.      **Answer**:  Doe Run denies that Hartford has no obligation under the Policies to indemnify Doe Run for the Underlying Claims.  Doe Run possesses insufficient knowledge to form a belief as to the truth of the remaining allegations and therefore denies the same.

**PARTIES**

5.      **Answer:**  Doe Run possesses insufficient knowledge to form a belief as to the truth of the allegations and therefore denies the same.

6.      **Answer:**  Doe Run possesses insufficient knowledge to form a belief as to the truth of the allegations and therefore denies the same.

7.      **Answer:**  Admitted.

8.      **Answer:**  Admitted.

9.      **Answer:**  The allegations relate to a defendant other than Doe Run.  Doe Run possesses insufficient knowledge to form a belief as to the truth of the allegations with respect to the other defendant and therefore denies the same.

10.      **Answer:**  Admitted.

**JURISDICTION**

11.      **Answer:**  Doe Run admits that it does not contest personal jurisdiction.  Doe Run possesses insufficient knowledge to form a belief as to the truth of the allegations with respect to the other defendant and therefore denies the same.

12.      **Answer:**  Doe Run denies that actual controversies exist between Plaintiffs and Defendants with respect to all claims presented in the Complaint and denies that every controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.  Doe Run possesses insufficient knowledge to form a belief as to the truth of the remaining allegations and therefore denies the same.

## VENUE

13.    **Answer:**  Doe Run admits that the Herculaneum smelter and various other Doe Run operations are, and have been, located within the counties that comprise the Eastern District of the Missouri federal courts.  Doe Run possesses insufficient knowledge to form a belief as to the truth of the remaining allegations and therefore denies the same.

## FACTUAL ALLEGATIONS

### Insurance Policies at Issue

14.    **Answer:**  Admitted.

15.    **Answer:**  Admitted.

16.    **Answer:**  Doe Run only admits that the Fluor Policies and the St. Joe Policies contain terms, conditions and exclusions.  Doe Run denies (or possesses insufficient knowledge to form a belief, and therefore denies) that such terms, conditions and exclusions limit or preclude coverage for the Underlying Claims.

### Allegations of the Underlying Claims at the Herculaneum Site

17.    **Answer:**  Doe Run admits that from approximately 1892 until the present, Doe Run or a predecessor of Doe Run has operated a smelter near the Herculaneum Yards Site in Herculaneum, Missouri.  Denied with respect to all remaining allegations.

18.    **Answer:**  Doe Run admits that some of the Underlying Claims contain these claims and allegations, among others.  Denied with respect to all remaining allegations.

19.    **Answer:**  Doe Run admits that some of the Underlying Claims contain these claims and allegations, among others.  Denied with respect to all remaining allegations.

### Doe Run Tenders Claims to Its Primary Insurer

20.    **Answer:**  Doe Run admits that it has tendered certain of the Underlying Claims to Zurich for a defense, and that Zurich issued primary liability insurance to St. Joe for various policy periods, including from at least December 31, 1955 to February 4, 1969 and then from March 15, 1971 through June 1, 1985.  Denied with respect to all remaining allegations.

21.    **Answer:**  Doe Run admits that in Zurich Insurance Company v. Hartford Accident and Indemnity Company, et al., Court of the State of California, County of Orange, Case No. 791336, judgment was entered by the court that, *inter alia*, certain of the Fluor Policies provide coverage for Doe Run in Underlying Actions and that Hartford has certain contribution obligations to Zurich with respect to the Underlying Actions, as set forth in the judgment.  Doe Run denies (or possesses insufficient knowledge to form a belief, and therefore denies) all remaining allegations.

22.    **Answer:**  Doe Run possesses insufficient knowledge to form a belief as to the truth of the allegations and therefore denies the same.

23.    **Answer:**  Denied.

24.    **Answer:**  Admitted that Hartford responded to Doe Run's communications in March 2008 in writing, indicating that certain terms, conditions, and exclusions found in the Fluor Policies may preclude coverage for certain of the Underlying Claims and requesting certain additional information.  Denied with respect to all remaining allegations.

25.    **Answer:**  Admitted.

26.     **Answer:**  Admitted that Hartford responded to these additional Doe Run communications in writing, indicating that certain terms, conditions, and exclusions contained in the Fluor Policies may preclude coverage for certain Underlying Claims and requesting certain additional information.  Doe Run denies that, to date, Hartford has not received or been provided access to the additional information it requested, and denies all remaining allegations.

27.     **Answer:**  Admitted that a settlement was entered between Doe Run and plaintiffs in the lawsuit captioned <u>Grace Warden, et al. v. The Doe Run Resources Corporation, et al.</u>, Circuit Court for the City of St. Louis, State of Missouri, Case No. 022-10635, and that the claims against Doe Run were dismissed.  Denied with respect to all remaining allegations.

28.     **Answer:**  Denied.

29.     **Answer:**  Doe Run possesses insufficient knowledge to form a belief as to the truth of whether Hartford has continued to reimburse Zurich for defense costs incurred in connection with the Underlying Claims and therefore denies the same.  The remaining allegations are legal conclusions to which no response is required.

### Allegations Pertaining to the BNSF Suit

30.     **Answer:**  Admitted.

31.     **Answer:**  Admitted that a settlement was entered between Doe Run and plaintiffs in the lawsuit captioned <u>BNSF Railway Company, et al. v. The Doe Run Resources Corporation, et al.</u>, Circuit Court for the City of St. Louis, State of Missouri, Case No. 052-

1585, and that the claims against Doe Run were dismissed.  Denied with respect to all remaining allegations.

32.    **Answer:**  Denied.

<u>**COUNT ONE**</u>

33.    **Answer:**  Plaintiffs' allegations presuppose the accuracy of the allegations in paragraphs 1-32, which Doe Run has denied, in part.  Doe Run, therefore, denies the allegations in paragraph 33.

34.    **Answer**:  Denied.

35.    **Answer**:  Doe Run admits only that the Fluor Policies provide coverage for, *inter alia*, "personal injury sustained by any person and caused by an occurrence" and "property damage including but not limited to the loss of use of property, caused by an occurrence," as well as certain types of "malpractice liability," and that certain of the Fluor Policies define "occurrence" as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected not intended from the standpoint of the insured."  Denied to the extent Plaintiffs misstate or incompletely cite to the language of the Policies.  The remaining allegations are legal conclusions to which no response is required.

36.    **Answer**:  Doe Run admits that Hartford has quoted language from certain of the Fluor Policies.  Denied with respect to all remaining allegations.

37.    **Answer**:  Doe Run admits that Hartford has quoted language from certain of the Fluor Policies.  Denied with respect to all remaining allegations.

38.    **Answer**:  Denied.

39.      **Answer:**  Doe Run possesses insufficient knowledge to form a belief as to the truth of the allegations and therefore denies the same.

40.      **Answer**:  Doe Run admits that Hartford has quoted language from certain of the Fluor Policies.  Denied with respect to all remaining allegations.

41.      **Answer**:  Doe Run admits that Hartford has quoted language from certain of the Fluor Policies.  Denied with respect to all remaining allegations.

42.      **Answer**: Denied.

43.      **Answer**:  Doe Run possesses insufficient knowledge to form a belief as to the truth of the allegations and therefore denies the same.

44.      **Answer**: Denied.

45.      **Answer:**  Doe Run possesses insufficient knowledge to form a belief as to the truth of the allegations and therefore denies the same.

46.      **Answer**:  The allegations are legal conclusions to which no response is required.

## COUNT TWO

47.      **Answer:**  Plaintiffs' allegations presuppose the accuracy of the allegations in paragraphs 1-46, which Doe Run has denied, in part.  Doe Run, therefore, denies the allegations in paragraph 47.

48.      **Answer:**  Doe Run only admits that the St. Joe Policies contain terms, conditions, and exclusions that define the scope of First State's coverage obligations for those policies with respect to the Underlying Claims.  Doe Run denies (or possesses insufficient

knowledge to form a belief, and therefore denies) that such terms, conditions and exclusions limit or preclude coverage for the Underlying Claims.

49.    **Answer**:  Doe Run possesses insufficient knowledge to form a belief as to the truth of the allegations and therefore denies the same.

50.    **Answer**:  Doe Run possesses insufficient knowledge to form a belief as to the truth of the allegations and therefore denies the same.

51.    **Answer**:  Denied.

52.    **Answer**:  Doe Run possesses insufficient knowledge to form a belief as to the truth of the allegations and therefore denies the same.

53.    **Answer**:  Denied.

54.    **Answer**:  The allegations are legal conclusions to which no response is required.

## COUNT THREE

55.    **Answer:**  Plaintiffs' allegations presuppose the accuracy of the allegations in paragraphs 1-54, which Doe Run has denied, in part.  Doe Run, therefore, denies the allegations in paragraph 55.

56.    **Answer**:  Denied.

57.    **Answer**:  Denied.

58.    **Answer**:  The allegations are legal conclusions to which no response is required.

## COUNT FOUR

59.     **Answer:** Plaintiffs' allegations presuppose the accuracy of the allegations in paragraphs 1-58, which Doe Run has denied, in part.  Doe Run, therefore, denies the allegations in paragraph 59.

60.     **Answer**:  Denied.

61.     **Answer:**  The allegations are legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES

By way of further answer to Plaintiffs' Complaint, Doe Run asserts the following affirmative defenses:

### First Defense

Plaintiffs' Complaint, in whole or in part, fails to state any claim upon which relief can be granted.

### Second Defense

To the extent Plaintiffs lack standing with respect to any claim, that claim should be dismissed.

### Third Defense

Plaintiffs' claims do not set forth facts showing the existence of a justiciable controversy, are not ripe for adjudication and seek an advisory opinion.

### Fourth Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

**<u>Fifth Defense</u>**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches and delay.

**<u>Sixth Defense</u>**

Plaintiffs' claims are barred, in whole or in part, to the extent they have engaged in conduct and activities sufficient to constitute a waiver of any claim or cause of action they may otherwise have had against Doe Run.

**<u>Seventh Defense</u>**

Plaintiffs' claims are barred, in whole or in part, to the extent that they have engaged in conduct and activity such that their claims for relief against Doe Run are barred by the doctrine of estoppel.

**<u>Eighth Defense</u>**

Plaintiffs' claims are barred, in whole or in part, to the extent that they have engaged in conduct and activity such that their claims for relief against Doe Run are barred by the doctrine of unclean hands.

**<u>Ninth Defense</u>**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of *res judicata* and collateral estoppel.

**<u>Tenth Defense</u>**

Plaintiffs' claims are barred to the extent that they breached the terms of the Policies at issue in this lawsuit.

### Eleventh Defense

Plaintiffs' claims are barred, in whole or in part, to the extent they have acted in bad faith and/or vexatiously refused to pay costs owed to Doe Run in connection with the acts and events alleged in the Complaint and Counterclaim.

### Twelfth Defense

Plaintiffs' claims are barred, in whole or in part, to the extent that any alleged failure of Doe Run to perform conditions of any contract between it and Plaintiffs resulted from Plaintiffs failure to perform their duties under such contract.

### Thirteenth Defense

Plaintiffs' claims are barred, in whole or in part, to the extent they may have engaged in fraudulent conduct and activity with respect to their insurance claims administration.

### Fourteenth Defense

Plaintiffs' Complaint fails to set out Plaintiffs' claims with sufficient particularity for Doe Run to determine all applicable affirmative defenses. Accordingly, Doe Run expressly reserves the right to amend or supplement this Answer with additional affirmative defenses once such information is ascertained.

### Fifteenth Defense

Doe Run has not knowingly or intentionally waived any applicable affirmative defenses. Doe Run presently lacks sufficient knowledge or information on which to form a belief as to whether it may have available additional, as yet unstated, affirmative defenses, and reserves the right to assert such additional defenses.

## COUNTER-CLAIM

### Parties

1.      Counter-claimant The Doe Run Resources Corporation is a New York corporation with its principal place of business in St. Louis, Missouri.  The Doe Run Resources Corporation is successor to St. Joseph Lead Company, incorporated in New York in or around 1864, which changed its named to St. Joe Minerals Corporation in or around 1970, which merged into Fluor Acquisition Corporation in or around 1981 which subsequently was renamed St. Joe Minerals Corporation, which subsequently changed its name to The Doe Run Resources Corporation in or around 1994

2.      On information and belief, Counterclaim-Defendant Hartford Accident and Indemnity Company ("Hartford A&I") is a Connecticut corporation with its principal place of business in Connecticut.

3.      On information and belief, Counterclaim-Defendant First State insurance Company ("First State") is a Connecticut corporation with its principal place of business in Massachusetts.

### Jurisdiction and Venue

4.      Counterclaim-Defendants have consented to personal jurisdiction for this action in this district by filing the complaint in this action in this Court.

5.      This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of costs.

6.    To the extent venue of the main action is found to be proper, venue for this counterclaim is also proper in this district pursuant to 28 U.S.C. § 1391(a).

## The Hartford A&I Insurance Policies

7.    Hartford A&I issued certain primary insurance policies to Fluor Corporation under which Doe Run, as successor to St. Joseph Lead Company and St. Joe Minerals Corporation, is an additional insured with respect to various lawsuits against Doe Run (the "Hartford A&I Policies"). These policies include Policy Nos. 56 MNS P13368E and 56 MNS P13380E, identified as the "Fluor Policies" in the Complaint. All relevant premiums and other conditions or covenants for coverage under the Hartford A&I Policies have been satisfied.

8.    Doe Run has been obtaining coverage from another primary insurer, Zurich Insurance Company ("Zurich"), for various lawsuits against Doe Run. In 1998, Zurich sued Hartford A&I for contribution pertaining to coverage payments for Doe Run, in an action captioned Zurich Insurance Company v. Hartford Accident and Indemnity Company, et al., Court of the State of California for the County of Orange, Case No. 791336. Following two trials, on or about June 21, 2004, the court entered a Final Judgment holding, *inter alia*, that the Hartford A&I Policies provide coverage for Doe Run and that Hartford A&I owed contribution obligations to Zurich once various retrospective premiums in the Hartford A&I Policies had been satisfied.

9.    On information and belief, the retrospective premiums in the Hartford A&I Policies were satisfied and, as alleged in the Complaint, Hartford has been paying various contribution to Zurich for Zurich's coverage payments to Doe Run.

**Hartford's Participation in the Defense of Doe Run in the Warden and BNSF Actions**

10.     In 2002, Doe Run was named a defendant in an action entitled <u>Grace Warden, et al. v. The Doe Run Resources Corporation</u>, Circuit Court for the City of St. Louis, State of Missouri, Case No. 022-10635 (the "<u>Warden</u> Lawsuit").  The <u>Warden</u> Lawsuit concerned the Doe Run smelter in Herculaneum, Missouri and asserted bodily injury, property damage, and personal injury claims arising from, <u>inter</u> <u>alia</u>, alleged releases of metals and other substances, including lead and cadmium, from the smelter.

11.     Plaintiffs in the <u>Warden</u> Lawsuit claimed, <u>inter</u> <u>alia</u>, that as a direct and proximate result of Doe Run's acts and omissions they had elevated levels of lead in their body, suffered from lead poisoning and from exposure to lead, metals and other hazardous and toxic substances, and sustained permanent and progressive injuries.

12.     The <u>Warden</u> Lawsuit asserted claims against Doe Run on theories of negligence, strict liability, trespass, battery, and product liability.  Doe Run settled the <u>Warden</u> Lawsuit and the claims against Doe Run have been dismissed.

13.     In 2005, Doe Run was named a defendant in an action entitled <u>BNSF Railway Company v. The Doe Run Resources Corporation</u>, Circuit Court for the City of St. Louis, State of Missouri, Case No. 052-1585 (the "<u>BNSF</u> Lawsuit").

14.     The <u>BNSF</u> Lawsuit concerned the loading, hauling and unloading of lead ore concentrate, with the involvement of the Plaintiff BNSF Railway Company, and its predecessors, in the period from at least 1967 to July 1999, and the alleged releases and exposures associated with those activities.

15.     BNSF Railway Company sought recovery from Doe Run for liabilities it

allegedly has or may incur for the defense and settlement of bodily injury and property damage claims relating to lead ore concentrate, and for costs of environmental cleanup at railyards, sidings and tracks.

16.    The claims were based on theories of common law contribution, contractual indemnity, negligence and products liability.

17.    Doe Run settled the <u>BNSF</u> Lawsuit and the claims against Doe Run have been dismissed.

18.    On information and belief, Hartford participated in Doe Run's defense of the Warden and BNSF actions by paying contribution to Zurich for the defense coverage Zurich was providing in those actions. On information and belief, Hartford did so until those actions were resolved by way of settlement.

19.    Leading up to the time that the agreements to settle the <u>Warden</u> and <u>BNSF</u> Lawsuits were reached, Doe Run sought Hartford's commitment to contribute to the settlement of those actions.  Prior to rendering its decision, Hartford demanded copies of the <u>Warden</u> and <u>BNSF</u> Lawsuits settlement agreements, along with various other information and materials.  Doe Run provided all needed information, and agreed to provide copies of the settlement agreements on the condition that Hartford maintain the confidentiality of the written settlement agreements and their terms.  Hartford agreed, and the settlement documents were provided.

20.    Thereafter, Hartford refused to provide any funding for the <u>Warden</u> and <u>BNSF</u> Lawsuits settlements and instead commenced this action seeking a declaratory judgment that it had no obligation to provide any settlement funding.

**Hartford's Outstanding Indemnity Obligations for the *Warden* Lawsuit**

21.     The <u>BNSF</u> Lawsuit settlement was funded by other insurance than the Hartford A&I Policies and, as a result, there is no pending Hartford coverage obligation to Doe Run for that lawsuit.

22.     There are portions of the <u>Warden</u> Lawsuit settlement for which Doe Run has not received funding from other insurers, and continues to seek coverage under the Hartford A&I Policies.

23.     All conditions for coverage for Doe Run under the Hartford A&I Policies have been satisfied with respect to the <u>Warden</u> Lawsuit.

24.     By provision of the Hartford A&I Policies, Hartford agreed to provide Doe Run indemnity against loss and liability arising from, among other things, bodily injury, property damage and personal injury claims, including the unreimbursed losses incurred by Doe Run with respect to the <u>Warden</u> Lawsuit.

**Hartford's Misconduct in Connection with the Filing of the Instant Action**

25.     On November 3, 2008, Hartford filed the initial complaint in this action against Doe Run (the "Original Complaint"). The Original Complaint improperly disclosed confidential information regarding the terms of the settlements Doe Run attained in the <u>Warden</u> and <u>BNSF</u> Lawsuits wherein Doe Run made substantial payments to the plaintiffs (the "Confidential Settlement Information").

26.     At the time Hartford disclosed the Confidential Settlement Information, it was aware that the settlement agreements in those actions contained strict confidentiality provisions which forbade the public disclosure of the terms of settlement (including, among

other things, the amounts of the settlements). One clear purpose for these provisions was to avoid any prejudice to Doe Run in ongoing litigation or from potential new claimants.

27.    Hartford's public disclosure of this information was made despite Hartford's prior agreements not to release the information, and in violation of Hartford's legal obligations to maintain the confidentiality of information shared between insured and insurer.

28.    Hartford's misconduct was discovered by Doe Run on or about November 4, 2008. In an effort to mitigate the damage to Doe Run caused by Hartford's improper disclosure, Doe Run immediately demanded that the Original Complaint be placed under seal with the Court, or that it be withdrawn. Hartford agreed and, on information and belief, Doe Run understands that the Original Complaint was replaced with a revised complaint which does not reference the monetary amount of the settlements in the <u>Warden</u> and <u>BNSF</u> Lawsuits (the "Revised Complaint"), and that the original complaint is no longer publicly available from the Court.

29.    Despite Doe Run's quick response, however, Doe Run is informed and believes that the Original Complaint was retained by one or more legal news agencies, which have refused to replace the Complaint with the Revised Complaint.

## COUNT I
### Breach of Fiduciary Duty: Disclosure of Confidential Information
### (Hartford A&I, First State)

30.    Counter-claimant alleges and incorporates herein paragraphs 1-29 above as if fully set forth herein.

31.    Pursuant to the terms of the Hartford A&I Policies, Hartford assisted Doe Run with its defense against the <u>Warden</u> and <u>BNSF</u> Lawsuits. In connection with this special

relationship, Hartford was entrusted with confidential information.

32.    Pursuant to Missouri law, the relationship between insurer and insured, particularly where the insurer has been entrusted to defend the insured and has been provided confidential information, is subject to a privilege analogous to that between attorney and client.  This privilege brings with it certain protections, thereby creating a fiduciary relationship between insurer and insured.

33.    Hartford breached its fiduciary obligations to Doe Run by publicly revealing the Confidential Settlement Information with the filing of the Original Complaint.

34.    Hartford's improper disclosure has caused Doe Run damage by, among other things, making public the confidential amounts Doe Run has paid to claimants bringing personal injury and property damage claims against it.

35.     Doe Run is informed and believes that Hartford improperly disclosed the Confidential Settlement Information in the Original Complaint in an effort to gain a litigation advantage over Doe Run, and to implicitly threaten Doe Run regarding Hartford's ability as a fiduciary to prejudice Doe Run's underlying defense interests, among other reasons.

36.    Doe Run seeks damages in an amount to compensate it for Hartford's breach of its fiduciary duty to maintain the confidentiality of the Confidential Settlement Information.  Moreover, because Hartford's actions were taken with an evil motive or with a reckless indifference to Doe Run's rights, Doe Run seeks punitive damages in order to punish and deter Hartford from such further malicious misconduct.

**COUNT II**
**Breach of Insurance Contract: Disclosure of Confidential Information**
**(Hartford A&I, First State)**

37.     Counter-claimant alleges and incorporates herein paragraphs 1-36 above as if fully set forth herein.

38.     Pursuant to the terms of the Hartford A&I Policies, Hartford was obligated to assist Doe Run with its defense against the <u>Warden</u> and <u>BNSF</u> Lawsuits.  This duty to defend carried with it an implied duty to maintain the confidentiality of all confidential information it obtained from Doe Run for the express purpose of assisting it with its defense.

39.     Hartford breached this duty, and thus its insurance contracts with Doe Run, when it failed to maintain the confidentiality of the Confidential Settlement Information and attempted to use Doe Run's confidential information against Doe Run in a litigation instigated in order to avoid its coverage obligations.

40.     Hartford's improper disclosure has caused Doe Run damage by, among other things, making public the confidential amounts Doe Run has paid to claimants bringing personal injury and property damage claims against it.

41.     Doe Run seeks damages in an amount to compensate it for Hartford's breach of the terms of its insurance contracts.

**COUNT III**
**Breach of Oral Agreement: Disclosure of Confidential Information**
**(Hartford A&I, First State)**

42.     Counter-claimant alleges and incorporates herein paragraphs 1-41 above as if fully set forth herein.

43.     Upon reaching a tentative settlement with the claimants in the <u>BNSF</u> Lawsuit, and pursuant to the terms of Hartford A&I Policies, Doe Run sought a commitment from Hartford that it would participate in the funding of the BNSF settlement.

44.     In response, Hartford demanded a copy of the settlement agreement.  Prior to providing Hartford a copy of the BNSF settlement agreement, Doe Run requested Hartford's agreement to maintain the confidentiality of the BNSF settlement agreement and its terms. Hartford agreed.

45.     In reliance on Hartford's agreement to maintain the confidentiality of the BNSF settlement agreement, Doe Run provided Hartford with a copy of the written settlement agreement.

46.     Hartford breached its agreement with Doe Run when it publicly disclosed the Confidential Settlement Information by filing the Original Complaint.

47.     Hartford's improper disclosure has caused Doe Run damage by, among other things, making public the confidential amounts Doe Run has paid to claimants bringing personal injury and property damage claims against it.

48.     Doe Run seeks damages in an amount to compensate it for Hartford's breach of the terms of its insurance contracts.

## COUNT IV
### Breach of Contract: Disclosure of Confidential Information
### (Hartford A&I, First State)

49.     Counter-claimant alleges and incorporates herein paragraphs 1-48 above as if fully set forth herein.

50.     Upon reaching a tentative settlement with the claimants in the Warden Action, and pursuant to the terms of the Hartford A&I Policies, Doe Run sought a commitment from Hartford that it would participate in the funding of the Warden settlement.

51.     In response, Hartford demanded a copy of the settlement agreement.  Prior to providing Hartford a copy of the Warden settlement agreement, Doe Run requested Hartford's written agreement to maintain the confidentiality of the Warden settlement agreement and its terms.  Hartford agreed and, through its counsel, provided written assurance that it would not disclose the Warden settlement agreement or any of its terms.

52.     In reliance on Hartford's agreement to maintain the confidentiality of the Warden settlement agreement and its terms, Doe Run provided Hartford with a copy of the written settlement agreement.

53.     Hartford breached its agreement with Doe Run when it publicly disclosed the Confidential Settlement Information by filing the Original Complaint.

54.     Hartford's improper disclosure has caused Doe Run damage by, among other things, making public the confidential amounts Doe Run has paid to claimants bringing personal injury and property damage claims against it.

55.     Doe Run seeks damages in an amount to compensate it for Hartford's breach of the terms of its insurance contracts.

**COUNT V**
**Breach of the Covenant of Good Faith and Fair Dealing:**
**Disclosure of Confidential Information**
**(Hartford A&I, First State)**

56.     Counter-claimant alleges and incorporates herein paragraphs 1-55 above as if fully set forth herein.

57.    Implied in each of the insurance contracts issued by Hartford, is a covenant of good faith and fair dealing.  Thus, Hartford is obligated to deal honestly and faithfully with Doe Run, particularly in the conduct of Doe Run's defense against third-party liability actions.  Further, Hartford is obliged to consider Doe Run's best interests and assist in the furtherance of those interests even when doing so may require a sacrifice of Hartford's own interests.

58.    Hartford breached this covenant of good faith and fair dealing when it not only failed to maintain the confidentiality of the Confidential Settlement Information but, in fact, intentionally disclosed it to the public by filing the Original Complaint in order to gain a litigation advantage over Doe Run.

59.    Hartford's improper disclosure has caused Doe Run damage by, among other things, making public the confidential amounts Doe Run has paid to claimants bringing personal injury and property damage claims against it.

60.    Doe Run is informed and believes that Hartford improperly disclosed the Confidential Settlement Information in the Original Complaint in an effort to gain a litigation advantage over Doe Run.

61.    Doe Run seeks damages in an amount to compensate it for Hartford's breach of its covenant of good faith and fair dealing through disclosure of the Confidential Settlement Information.

## COUNT VI
### Declaratory Relief: Duty to Indemnify for <u>Warden</u>
### (Hartford A&I)

62.    Counter-claimant alleges and incorporates herein paragraphs 1-61 above as if fully set forth herein.

63.    An actual controversy has arisen and now exists between Doe Run and Hartford A&I concerning the existence, extent and impact of indemnity coverage for the <u>Warden</u> Lawsuit under the Hartford A&I Policies.

64.    Doe Run is informed and believes and thereon alleges that Hartford A&I maintains that various coverage defenses limit its coverage obligations for the <u>Warden</u> Lawsuit settlement.

65.    Doe Run maintains that Hartford A&I is obligated to provide coverage for the settlement in the <u>Warden</u> Lawsuit.

66.    Doe Run is entitled to obtain a conclusive resolution of its rights as to this issue under the Hartford A&I Policies.

## COUNT VII
### Breach of Contract: Duty to Indemnify for <u>Warden</u>
### (Hartford A&I)

67.    Counter-claimant alleges and incorporates herein paragraphs 1-66 above as if fully set forth herein.

68.    Pursuant to the terms of the Hartford A&I Policies, Hartford A&I was obligated to indemnify Doe Run for some or all of the amount paid to settle the <u>Warden</u> Lawsuit.

69.    Hartford A&I breached this duty, and thus its insurance contracts with Doe Run, when it failed to acknowledge its duty to indemnify Doe Run for some or all of the

amount paid to settle the <u>Warden</u> Lawsuit and, in fact, refused to indemnify Doe Run for any amount of the <u>Warden</u> Lawsuit settlement payment.

70.     Hartford A&I's refusal to indemnify Doe Run for any amount of the Warden Lawsuit settlement payment has caused Doe Run damage.

71.     Doe Run seeks damages in an amount to compensate it for Hartford A&I's breach of the terms of its insurance contracts.

## COUNT VIII
## Unreasonable Refusal to Pay Pursuant to Mo. Rev. Stat. § 375.420 for <u>Warden</u>
## (Hartford A&I)

72.     Counter-claimant alleges and incorporates herein paragraphs 1-71 above as if fully set forth herein.

73.     Hartford A&I's refusal to indemnify Doe Run for any amount of the <u>Warden</u> Lawsuit settlement payment is unreasonable.  It is based on Hartford A&I's unjustifiable position that Doe Run has no coverage under the terms of the Hartford A&I Policies despite the fact that Hartford has, on information and belief, been paying contribution to Zurich for Doe Run's defense in the <u>Warden</u> Lawsuit, and is contrary to rulings from prior coverage litigation that Doe Run is insured under the Hartford A&I Policies.

74.     Hartford A&I's refusal to pay is also unreasonable because its position was undertaken without Hartford A&I having conducted an appropriate and diligent investigation into whether coverage exists for this matter.

75.     As a direct and proximate result of Hartford A&I's refusal to pay Doe Run's losses and liabilities for the <u>Warden</u> Lawsuit without reasonable cause or excuse, Doe Run has sustained substantial losses, including, but not limited to, the attorney's fees for coverage counsel in this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Counter-claimant Doe Run respectfully requests that the Court grant Doe Run relief as follows:

76.     On the First, Second, Third, Fourth and Fifth Causes of Action:

(a)     For an award of Doe Run's actual damages in an amount to be proven at trial;

(b)     For an award of punitive damages against Counterclaim-Defendants in an amount sufficient to punish and deter them from undertaking similar conduct in the future;

(c)     For costs of this lawsuit; and

(d)     For such other and further relief as the Court may deem just and proper.

77.     On the Sixth Cause of Action:

(a)     For the Court to declare that Hartford A&I has an obligation under the Hartford A&I Policies to provide Doe Run with indemnity coverage for the Warden Lawsuit settlement;

(b)     For an order thereon;

(c)     For costs of this lawsuit;

(d)     For such other and further relief as the Court deems just and proper.

78.     On the Seventh Cause of Action:

(a)     For an award of Doe Run's actual damages in an amount to be proven at trial;

(b)     For costs of this lawsuit; and

(c)     For such other and further relief as the Court may deem just and proper.

79.     On the Eighth Cause of Action:

(a)     For an order and declaration that the failure to provide coverage for the Warden Lawsuit was without reasonable cause or excuse and has triggered the relief

provisions of Missouri Revised Statutes Section 375.420.

       (b)     For an award of reasonable attorneys' fees, and all exemplary, consequential and/or extra-contractual damages available under Missouri Revised Statutes Section 375.420, as relief for Hartford A&I's unreasonable conduct.

       (c)     For such other and further relief as the Court may deem just and proper.

Date: January 5, 2009                  Respectfully submitted,

                                ABELSON | HERRON LLP

                                By:   /s/ Marc D. Halpern
                                Marc D. Halpern
                                Leslie A. Pereira
                                Gwendolyn M. Toczko
                                501 West Broadway, Suite 800
                                San Diego, CA  92101
                                (619) 618-7000 (telephone)
                                (619) 618-7001 (facsimile)
                                mhalpern@abelsonherron.com
                                lpereira@abelsonherron.com
                                gtoczko@abelsonherron.com
                                Counsel for Defendant and Counter-claimant
                                The Doe Run Resources Corporation