**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| HARTFORD ACCIDENT AND INDEMNITY COMPANY and FIRST STATE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>THE DOE RUN RESOURCES CORPORATION f/k/a ST. JOE MINERALS CORPORATION,<br><br>and<br><br>ZURICH AMERICAN INSURANCE COMPANY as successor-in-interest to ZURICH INSURANCE COMPANY, U.S. BRANCH<br><br>Defendants. | No. 4:08-CV-01687-CAS |
| THE DOE RUN RESOURCES CORPORATION,<br><br>Counter-Claimant,<br><br>v.<br><br>HARTFORD ACCIDENT AND INDEMNITY COMPANY and FIRST STATE INSURANCE COMPANY,<br><br>Counter-Defendants. | |

**MEMORANDUM IN SUPPORT OF THE DOE RUN RESOURCES CORPORATION'S MOTION FOR REALIGNMENT AND TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

## I.    INTRODUCTION

The insurance coverage action before this court fails to satisfy the requirements for diversity jurisdiction and must be dismissed. The framework of this action is as follows.

1

The Doe Run Resources Corporation ("Doe Run"), domiciled in New York, has been seeking coverage from its insurers in connection with various settled and pending lawsuits. Doe Run's insurers, Hartford Accident and Indemnity Company, First State Insurance Company (collectively, "Hartford"), domiciled in Connecticut, and Zurich American Insurance Company ("Zurich"), also domiciled in New York, dispute Doe Run's right to coverage. Accordingly, Hartford initiated a coverage action against Doe Run. Rather than having Zurich simultaneously sue Doe Run as a co-plaintiff (which on its face would defeat diversity jurisdiction), Zurich was added as a co-defendant with Doe Run. Zurich then cross-claimed its coverage action against Doe Run, on the same coverage claims brought by Hartford. However, because in substance this is a coverage action by two insurers against Doe Run, and one of the "plaintiff" insurers is a citizen of the same state as Doe Run, there is no diversity jurisdiction and this action cannot proceed.

## II.     FACTUAL BACKGROUND

The facts are simple. Doe Run is domiciled in New York and conducts mining, milling and smelting operations involving lead or other metals at various locations. See Complaint ¶¶ 7, 17. Zurich, also domiciled in New York, has been Doe Run's primary insurer for over thirty years. See Declaration of Marc Halpern ("Halpern Decl.) at ¶¶ 2-3, Exhibits A and B.[1]

---

[1]     Hartford's complaint erroneously alleges that Zurich is domiciled in the state of Illinois (Complaint ¶ 9) Likewise, Zurich incorrectly alleges that it is a foreign corporation However according to the New York State Insurance Department, defendant Zurich American Insurance Company in fact is domiciled in the State of New York. See Halpern Decl., Exhibit A; see also A.M. Best Rating Center located at http://www3.ambest.com/ratings/RatingsSearch.asp?AltSrc=9 (listing Zurich American Insurance Co. as domiciled in New York) (Halpern Decl., Exhibit B) We expect that upon review Zurich will admit to this fact

Hartford filed the instant declaratory judgment action on November 3, 2008.[2]

Hartford's action was brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C §§ 2201 et seq. (the "Hartford DJ Action"). As against Doe Run, the Hartford DJ Action seeks a declaration that Hartford has no obligation to indemnify Doe Run in connection with various settled and pending lawsuits. In addition, the Hartford DJ Action seeks a declaration that, to the extent Hartford is found to have any indemnity obligations to Doe Run, Hartford is entitled to contribution from Zurich.

Zurich filed a cross-claim in the above-referenced action on February 2, 2009. As with Hartford, Zurich seeks a declaration that it has no obligation to indemnify Doe Run in connection with various settled and pending lawsuits. Zurich also filed a counter-claim against Hartford seeking contribution in the event that Zurich is required to indemnify Doe Run. See Zurich Counterclaim (Docket No. 22).

## III.    REALIGNMENT OF THE PARTIES RESULTS IN A LACK OF DIVERSITY JURISDICTION AND REQUIRES THAT THIS MATTER BE DISMISSED

### 1.    Standard For Diversity Jurisdiction

"The burden of establishing federal court jurisdiction 'rests on the party asserting jurisdiction.'" 4:20 Communications, Inc. v. The Paradigm Co., 336 F.3d 775, 779 (8th Cir. 2003) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Where an action is based on diversity jurisdiction, it is well-established that there must be complete diversity between the parties on each "side" of the dispute. See Smith v. Sperling, 354 U.S. 91, 97 (1957) ("Absent collusion, there is diversity jurisdiction when the real collision of issues, 'the actual controversy,' is between citizens of different States. This is

---

[2]    The significant delay in this action is due, in large part, to the numerous extensions sought by Zurich to respond to Hartford's claims.

a practical not a mechanical determination and is resolved by the pleadings and the nature of the dispute.") (internal citation omitted); 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between [] Citizens of different States.").

Furthermore, the court is responsible for determining the alignment of the parties for the purposes of jurisdiction. The court is not bound by the party alignment unilaterally chosen by Plaintiff, who undoubtedly has an interest in suggesting diversity, even where there may be none. See Continental Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1523 (9th Cir. 1987). "The district court must 'penetrate the nominal party alignment and consider the parties' actual adversity of interest.' Adversity is determined by looking toward the 'primary purpose' of, or 'primary issue' embraced by the litigation." Polanco v. H.G. Fuller Co., 941 F. Supp. 1512, 1523 (D. Minn. 1996) (internal citations omitted); see also United States Fidelity & Guaranty Co. v. Thomas Solvent Co., 955 F.2d 1085, 1089 (6th Cir. 1992) ("[D]espite the fact that there may be actual and substantial ancillary or secondary issues to the primary issue, the parties should be aligned in accordance with the primary issue in an action.").

**B.      When The Parties To This Action Are Aligned Based On The Primary Purpose Of This Litigation, Diversity Is Eliminated**

At its core, this is an insurance coverage action between a policyholder and its insurers. The primary purpose of the action is to resolve Doe Run's indemnity coverage rights with its primary insurers, Hartford and Zurich in connection with various settled and pending lawsuits. Hartford sued Doe Run to resolve coverage for these lawsuits. Zurich has

4

cross-claimed against Doe Run to resolve coverage for these same actions. The only claims between Plaintiff Hartford and Defendant/Counterclaimant Zurich are contributions claims (which by nature are derivative and secondary to insurance claims). See Zurich Counterclaim ¶¶ 1-19 (Docket No. 22); United States Fidelity & Guaranty Co., 955 F.2d at 1091 (*"[T]he insurer's duty to indemnify is the primary dispute.* The issue of contribution can only be addressed after the court has determined which of the various insurers have a duty to indemnify particular [] Parties. Moreover, if the insurers are held not to owe a duty to indemnify any of the [] Parties, then the issue of contribution is moot. Therefore, it is clear that *the contribution issue is ancillary to the issue of whether the insurers have a duty to indemnify the [] Parties.*") (emphasis added); see also United States Fidelity & Guaranty Co. v. A&S Mfg. Co., 48 F.3d 131, 134 (4th Cir. 1995) ("The district court found that the primary issue in the case was whether the insurers owe A&S a duty to defend . . . and a duty to indemnify . . . . The court found that any disputes existing among the insurers regarding contribution are ancillary to the primary issue of the duty to indemnify. It arranged the parties around this primary dispute, placing the insurers as plaintiffs and the insured as the defendant. . . . The district court's findings and conclusions with respect to realignment were proper."). Applying these standards, Hartford has failed to establish jurisdiction. When viewed in this light, Doe Run is plainly on one side of this matter and Hartford and Zurich are on the other side.

As noted above, Doe Run is domiciled in New York for the purposes of jurisdiction. See Complaint, ¶ 7. Similarly, Zurich is domiciled in New York. See Halpern Decl., at Exhibits A and B. Because both Doe Run and Zurich are domiciled in New York,

and are on opposite sides of this insurance coverage dispute notwithstanding their technical

positions in this lawsuit, diversity jurisdiction is defeated because the parties cannot satisfy

the requirements of 28 U.S.C. § 1322(a)(1). This is a prime example of common interest

parties (insurers) by happenstance being plaintiff and defendant instead of co-plaintiffs or co-

defendants. Accordingly, Hartford is unable to meet its burden for subject matter jurisdiction

and this action must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, Doe Run respectfully requests that the Court

dismiss this action for lack of subject matter jurisdiction.

Dated:  March 18, 2009            Respectfully submitted,

                                  ABELSON | HERRON LLP


                                  By:  _____/s/ Marc D. Halpern_____
                                       Marc D. Halpern
                                       Leslie A. Pereira
                                       Gwendolyn M. Toczko
                                       501 West Broadway, Suite 800
                                       San Diego, CA  92101
                                       (619) 618-7000 (telephone)
                                       (619) 618-7001 (facsimile)
                                       mhalpern@abelsonherron.com
                                       lpereira@abelsonherron.com
                                       gtoczko@abelsonherron.com

                                  Counsel for Defendant and Counter-Claimant

## CERTIFICATE OF SERVICE

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI – EASTERN DIVISION

**Hartford Accident And Indemnity Company, et al.**

**v.**

**The Doe Run Resources Corporation, et al.**

**District Court Case No. 4:08-cv-01687-CAS**

I am over the age of 18 and not a party to the within action; I am employed by Abelson | Herron, LLP in the County of Los Angeles at 333 South Grand Avenue, Suite 1550, Los Angeles, California, 90071-1559.

On March 19, 2009, I served the document below described as:

**MEMORANDUM IN SUPPORT OF THE DOE RUN RESOURCES**

**CORPORATION'S MOTION FOR REALIGNMENT AND TO DISMISS FOR LACK**

**OF SUBJECT MATTER JURISDICTION**

The document was served by the following means:

✗ **BY ELECTRONIC TRANSMISSION VIA NEF** I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which sent Notifications of Electronic Filing to the persons at the e-mail addresses listed immediately below. Accordingly, pursuant to the Court's Local Rule 5-2.12, I caused the documents to be sent electronically to the persons listed immediately below.

| | |
|---|---|
| E-mail: tjm@heplerbroom.com<br>E-mail: mly@heplerbroom.com<br>Theodore J. MacDonald, Jr , Esq.<br>Michael L. Young, Esq.<br>HEPLER BROOM, MACDONALD,<br>  HEBRANK, TRUE & NOCE LLC | Counsel for Plaintiffs and Counter-Defendants,<br>HARTFORD ACCIDENT AND INDEMNITY<br>COMPANY; and<br>FIRST STATE INSURANCE COMPANY |
| E-mail: rwatters@bjpc.com<br>E-mail: twolf@bjpc.com<br>E-mail: pbousquet@bjpc.com<br>Russell F. Watters, Esq.<br>Timothy J. Wolf, Esq.<br>Patrick A. Bousquet, Esq.<br>BROWN & JAMES, P.C | Counsel for Defendant,<br>ZURICH AMERICAN INSURANCE<br>COMPANY |

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct.

Executed on March 19, 2009 at Los Angeles, California

_____/s/ Marc D. Halpern_____
Marc D. Halpern

**Certificate of Service** *Cont.*

✗    <u>**BY U.S. MAIL**</u>  I enclosed the document in a sealed envelope addressed to the persons at the address listed immediately below and placed the sealed envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the said date, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelopes with postage fully prepaid.

James P. Ruggeri, Esq.           Counsel for Plaintiffs and Counter-Defendants,
Joshua D. Weinberg, Esq.         HARTFORD ACCIDENT AND INDEMNITY
HOGAN & HARTSON LLP              COMPANY; and
555 Thirteenth Street, NW        FIRST STATE INSURANCE COMPANY
Washington, D.C. 20004

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct

Executed on March 19, 2009 at Los Angeles, California.

Rachel E. Capata