UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HARTFORD ACCIDENT AND INDEMNITY COMPANY and FIRST STATE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>THE DOE RUN RESOURCES CORPORATION f/k/a ST. JOE MINERALS CORPORATION,<br><br>and<br><br>ZURICH AMERICAN INSURANCE COMPANY as successor-in-interest to ZURICH INSURANCE COMPANY, U.S. BRANCH<br><br>Defendants. | No. 4:08-CV-01687-CAS |
| THE DOE RUN RESOURCES CORPORATION,<br><br>Counter-Claimant,<br><br>v.<br><br>HARTFORD ACCIDENT AND INDEMNITY COMPANY and FIRST STATE INSURANCE COMPANY,<br><br>Counter-Defendants. | |

**MEMORANDUM IN SUPPORT OF THE DOE RUN RESOURCES CORPORATION'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY ZURICH'S CROSS-CLAIM FOR DECLARATORY RELIEF**

**I.   INTRODUCTION AND SUMMARY OF ARGUMENT**

As set forth in Doe Run's pending Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Realignment of the Parties, this action lacks the complete diversity

1

between the parties required for jurisdiction. Accordingly, the Court should dismiss the action.

However, even if the Court finds that it has subject matter jurisdiction to proceed, Zurich's Cross-claim for Declaratory Relief against Doe Run should be dismissed, or at a minimum stayed, because the exact issue in Zurich's Cross-claim is already the subject of an earlier-filed lawsuit between Zurich and Doe Run pending in California state court (the "California Action").

The U.S. Supreme Court has made it clear that it would be "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1962). That is precisely the case here. Doe Run and Zurich are already litigating a declaratory relief action in California state court concerning the same policies, claims, and coverage issues that are the subject of Zurich's Cross-claim. Those issues, which are purely a matter of state law, should be decided in the California Action. This is especially the case because Doe Run and Zurich previously spent 13 years litigating coverage issues dealing with the same policies, for some of the same underlying cases, in the same court as the pending California action (and in part before the same judge now presiding). In fact, because of the extensive litigation history and precedent between the parties in the prior California Action, when Doe Run and Zurich filed a dismissal in that action, they stipulated that any future coverage disputes between them under the policies could be litigated again in the same court and would be governed by the rulings in the prior litigation.

Accordingly, this Court should abstain from exercising jurisdiction over Zurich's Cross-claim for Declaratory Relief and the Cross-claim should be dismissed. In the alternative, Zurich's Cross-claim should be stayed pending resolution of the pending California Action.

## II.   FACTUAL BACKGROUND

### A.   The Cross-Claim Parties

The Doe Run Resources Corporation ("Doe Run") is a mining, milling and smelting company, in operation since the late 1800's [1] Its principal product is lead. Since the 1980's Doe Run has been the subject of numerous bodily injury, property damage, and personal injury lawsuits alleging health or environmental impacts from Doe Run's operations.

Zurich American Insurance Company ("Zurich") is an insurance company organized under the laws of the State of New York with its main administrative offices in Schaumburg, Illinois. Over a period of almost 30 years, Doe Run purchased its primary comprehensive general liability insurance policies from Zurich.

### B.   Prior Coverage Litigation Between the Parties

As Doe Run became a target in injury and property damage claims, it requested that Zurich provide defense coverage and, when needed, indemnity coverage. Zurich initially refused, and on July 27, 1992, Zurich brought a declaratory relief action against Doe Run in the United States District Court for the Eastern District of Missouri, Case No. 4:92CV001450, seeking a declaration of its rights, duties and obligations under the Zurich policies with

---

[1] Doe Run is the successor to St. Joseph Lead Company, which changed its name to St. Joe Minerals Corporation in or around 1970. In 1981, St. Joe Minerals Corporation merged into Fluor Acquisition Corporation, which changed its name to The Doe Run Resources Corporation in or around 1994.

3

respect to the various claims asserted against Doe Run (the "Zurich Action"). *See* Declaration of Marc D. Halpern ("Halpern Decl.") at ¶ 6.

On October 5, 1992, Doe Run filed an action in the Superior Court of the State of California, County of Orange against its primary and excess insurance carriers, including Zurich, for coverage relating to various claims. The case was captioned *St. Joe Minerals Corporation v. Allianz Insurance Company, et al*, Superior Court of the State of California, County of Orange, Case No. 697526 (the "St. Joe Action").[2] *See* Halpern Decl at ¶ 7.

Doe Run moved to dismiss the Zurich Action on the ground, among others, that the Court should abstain from exercising jurisdiction in favor of the pending St. Joe Action in California. The Court granted Doe Run's motion, finding that "there are exceptional circumstances[3] that favor giving deference to the concurrent state court action pending in California. Of particular importance in this case is the need to avoid piecemeal litigation and conserve judicial resources in a single proceeding." *See* Halpern Decl. at ¶ 8 and Order dated November 24, 1993, attached as Exhibit A thereto, at p.5.

From 1992 through 2005, Doe Run litigated numerous coverage issues in the St Joe Action. In December 2004, Doe Run and Zurich entered into a Settlement and Release Agreement, which released Zurich from further coverage obligations with respect to certain claims arising prior to the date of the settlement. *See* Halpern Decl at ¶ 9 and Settlement and

---

[2] As noted, shortly after the litigation was filed St. Joe Minerals Corporation became the Doe Run Resources Corporation.

[3] In *Wilton v Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137 (1995), the Supreme Court greatly loosened the "exceptional circumstances" standard for abstaining from exercising jurisdiction over a declaratory relief action when there is a parallel state court proceeding. Nevertheless, even under the stricter standard applied before *Wilton*, the district court in the Zurich Action found that abstention was proper.

Mutual Release Agreement, attached as Exhibit B thereto.[4] To address the possibility of upcoming indemnity disputes, the parties stipulated that any future action would be filed in either the federal or state court of Orange County, California or St. Louis, Missouri. *See* Halpern Decl. at ¶ 10 and Exhibit B thereto at ¶ 7. As a condition for dismissal at the time, rather than waiting for indemnity disputes to develop and be handled in the same case, the parties specifically further agreed that all substantive rulings, orders and opinions issued in the St. Joe Action would continue to govern the respective rights and obligations of Doe Run and Zurich in any subsequent coverage dispute. *See* Halpern Decl. at ¶ 11 and Exhibit B thereto at ¶ 12.

Not only did Zurich and Doe Run previously litigate coverage issues in California, Zurich also filed two lawsuits against Doe Run's other primary insurer, Hartford Accident and Indemnity Company ("Hartford"), before the same court in California to litigate contribution issues with respect to Doe Run coverage payments. Specifically, on or about March 16, 1998, Zurich filed the case captioned *Zurich Insurance Company v. Hartford Accident and Indemnity Company, et al.*, Case No. 791336, in the Superior Court of the State of California for the County of Orange (the "First Contribution Action"). Approximately four years later, on or about August 16, 2002, Zurich filed a parallel contribution action titled *Zurich American Insurance Company v. Hartford Accident and Indemnity Company, et. al.*, Case No. 02CC00232, in the same court, concerning some additional underlying cases (the "Second Contribution Action"). The First Contribution Action proceeded through two trials, and to

---

[4] The substantive terms of the Settlement Agreement are confidential. Accordingly, the Settlement Agreement submitted in conjunction with this Motion is redacted. Doe Run is filing concurrently herewith a Motion to Seal the Settlement Agreement. An unredacted copy of the Settlement Agreement is submitted in conjunction with the Motion to Seal.

Final Judgment. Pursuant to the holdings and Final Judgment in that litigation, Zurich has been obtaining contribution from Hartford for certain Doe Run coverage payments. *See* Halpern Decl. at ¶ 12.

The St. Joe Action, the First Contribution Action and the Second Contribution Action were all deemed related cases in Orange County Superior Court and were all litigated, in part, and concluded before the same judge, the Honorable Ronald Bauer. <u>Judge Bauer also presides over the pending California Action between Doe Run and Zurich that is the basis for this motion to abstain.</u> *See* Halpern Decl. at ¶ 13.

### C. Claims Against Doe Run

Additional disputes have now arisen between Zurich and Doe Run with respect to Zurich's indemnity obligations for various lawsuits filed against Doe Run. These disputes relate to some of the same underlying claims at issue in the prior St. Joe Action.

#### 1. The BNSF Action

In 2005, Doe Run was named as a defendant in *BNSF Railway Company v. The Doe Run Resources Corporation, et al.* (the "BNSF Action"). A First Amended Petition was filed in the BNSF Action on March 23, 2007. The BNSF Action concerned the loading, hauling and unloading of lead concentrate, with the involvement of the Plaintiff BNSF Railway Company, and its predecessors, in the period from at least 1967 to July 1999, and the alleged releases and exposures associated with those activities.

BNSF Railway Company sought recovery from Doe Run, *inter alia*, for the defense and settlement of bodily injury and property damage claims by railroad workers relating to lead ore concentrate, and for costs of certain environmental cleanup at rail yards, sidings and

6

tracks. The claims were based on theories of common law contribution, contractual indemnity, negligence and products liability. Doe Run settled the BNSF Action and the claims against Doe Run have been dismissed. Zurich paid Doe Run's defense costs during the several year defense of the case. Zurich ultimately also paid the full amount of the BNSF Action settlement on behalf of Doe Run, subject to an alleged reservation of rights.

### 2. The Warden Action And The Herculaneum Personal Injury "Pending Actions"

Doe Run has been the subject, and remains the subject, of a number of toxic tort lawsuits concerning alleged lead-related injuries to current and former residents of the areas near Doe Run's Herculaneum lead smelter. The smelter has been in operation since the late 1800's and continues to operate today. The lawsuits have been brought by two sets of plaintiffs firms, each of them using basically the same boilerplate complaints for their various plaintiffs.

After a number of years litigating procedural and jurisdictional disputes, trial dates were set for 2008 and 2009. Some of the plaintiffs have settled, and none of the cases has yet gone to trial. The next trial dates are scheduled for May 2009 and September 2009.

One of these lawsuits was the "Warden Action" referenced in Zurich's Cross-claim. In 2002, Doe Run was named as a defendant in *Grace Warden, et al v. The Doe Run Resources Corporation, et al.*, and served with the complaint on or about September 26, 2002.

Using the same boilerplate allegations as the other Herculaneum injury suits, the Warden Action asserted bodily injury, property damage, and personal injury claims arising from, *inter alia*, alleged releases of metals and other substances, including lead and cadmium, from the Herculaneum smelter. Plaintiffs in the Warden Action claimed, *inter alia*, that as a

direct and proximate result of Doe Run's acts and omissions they had elevated levels of lead in their body, suffered from lead poisoning and from exposure to lead, metals and other hazardous and toxic substances, and sustained permanent and progressive injuries. The lawsuit asserted claims against Doe Run on theories of negligence, strict liability, trespass, battery, and product liability. The Warden Action was settled in April 2008, and the claims against Doe Run have been dismissed. Zurich provided coverage for Doe Run's defense. Zurich also ultimately provided partial funding for the settlement of the Warden Action subject to an alleged reservation of rights.

### D.   Current Coverage Litigation Between the Parties

On or about July 16, 2008, Doe Run filed the California Action against Zurich in the Superior Court of the State of California, County of Orange, case No. 30-2008-00180034, alleging causes of action for (1) Breach of Duty to Defend; (2) Declaratory Relief; (3) and Unreasonable Refusal to Pay. The California Action essentially continues where the St Joe Action left off and seeks to address indemnity and other coverage issues that have since arisen. Doe Run filed a First Amended Complaint ("FAC") on December 22, 2008. The FAC alleges causes of action for (1) Declaratory Relief: Duty to Indemnify (BNSF Action); (2) Declaratory Relief: Duty to Indemnify (Warden Action); and (3) Declaratory Relief: Duty to Indemnify (Pending Lawsuits). *See* Halpern Decl. at ¶ 14 and FAC attached as Exhibit C thereto. Doe Run seeks a determination that Zurich is obligated under the policies issued to Doe Run to provide indemnity coverage for the BNSF Action, the Warden Action and the Pending Lawsuits.[5]

---

[5] Doe Run has sought case management orders phasing the litigation, and staying the Warden Action and Pending Actions until the underlying Herculaneum injury claims are resolved. The Court in the

Several months after Doe Run filed the California Action, Hartford filed the instant declaratory judgment action on November 3, 2008 (the "Missouri Action"). On February 9, 2009—approximately seven months *after* Doe Run filed the California Action—Zurich filed a Cross-Claim for Declaratory Relief against Doe Run in the Missouri Action. *See* Halpern Decl at ¶ 15 and Zurich's Cross-Claim for Declaratory Relief attached as Exhibit D thereto. Just as Doe Run does in the California Action, Zurich seeks a declaration concerning its rights and obligations under its policies concerning indemnity coverage for the BNSF Action, the Warden Action and the Pending Lawsuits.

## III. THE COURT SHOULD ABSTAIN FROM EXERCISING JURISDICTION OVER THIS ACTION

### A. The Court Has Broad Discretion to Abstain from Exercising Jurisdiction Over a Declaratory Relief Action

A federal court has broad discretion in deciding whether to abstain from hearing a federal declaratory judgment action when there is a parallel state court proceeding. *See Brillhart v Excess Ins Co of America*, 316 U.S. 491 (1942); *Wilton v. Seven Falls Co*, 515 U.S. 277 (1995). Indeed, the Supreme Court has explained that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id. at 495.*

In deciding whether to stay a declaratory judgment action, the court should consider the scope and nature of the state court proceeding to determine "whether the issues in controversy between the parties to the federal action, not foreclosed under applicable

---

California Action has agreed to Phase litigation, and as a Phase I, the Court has stayed all discovery and litigation, except concerning policy existence and terms. When Phase I is completed, the issue of further stays if still necessary, will be addressed

substantive law, can better be settled by the state court." *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000) (citing *Brillhart*, 316 U.S. at 495; *Wilton*, 515 U.S. at 282).

The case of *Capitol Indemnity* is instructive. Capitol Indemnity insured Gerald and Patricia Haverfield, doing business as Justin's Lounge, under both a commercial general liability policy and a commercial liquor liability policy. On July 7, 1996, Michael Hunt was fatally stabbed outside of Justin's Lounge by a bar patron. Michael's parents sued the Haverfields in state court claiming that they negligently caused his death.

Shortly thereafter, Capital Indemnity filed a declaratory judgment action in Missouri federal court seeking a declaration that any claims arising from Michael Hunt's death were excluded from coverage under the insurance policies issued by Capitol Indemnity.

Meanwhile, in the state court action, the court found that the Haverfields negligently failed to protect Michael and that their negligence directly caused his death. The court entered a judgment in favor of the Hunts in the amount of $150,000. Following the judgment, the Hunts filed with the state court a Petition to Collect Insurance against Haverfield and Capitol Indemnity.

In response, Capitol Indemnity obtained leave to add the Hunts as defendants in its federal declaratory judgment action. The Hunts moved to dismiss or stay the federal action, arguing that the state court was the proper forum for adjudicating the issues surrounding the insurance policies' coverage. The district court denied their motion. Thereafter, the parties filed cross motions for summary judgment in both the state and federal actions. The state court granted the Hunt's summary judgment motion on the ground that Capitol Indemnity's

policies covered the Hunt's claims. The federal court reached the opposite conclusion and granted Capital Indemnity's motion for summary judgment.

On appeal, the Eighth Circuit ruled that the district court abused its discretion by maintaining jurisdiction over the action. The Court explained that the Supreme Court has adopted a "discretionary standard" for deciding whether to dismiss or stay a federal declaratory judgment action during the pendency of parallel state court proceedings. In assessing the scope and nature of the state court proceeding, the Court of Appeal found that both actions "involved the same parties, the same issue, the same insurance policies, and the same arguments." Further, the Court found that because the interpretation of insurance policies "is governed by sate law, Missouri law applies in both actions." By entertaining the declaratory judgment action, the district court had put itself in the difficult position of having to predict how the Missouri Supreme Court would construe the Capitol Indemnity insurance policies. As the Court of Appeal explained,

> At the time the district court denied the Hunt's motion to dismiss or stay the federal proceeding, a parallel state court action was pending that presented the same issues between the same parties. Further, both actions were governed solely by state law. Thus, the state court was in the better position to adjudicate the matter, and permitting this federal action to proceed was unnecessarily duplicative and uneconomical. Accordingly, the district court abused its discretion by denying the Hunt's motion, and we reverse and remand to the district court with instructions that the case be dismissed.

*Id.* at 875; *see also American States Ins. Co. v. Gates Corp.*, 2008 U.S. Dist. LEXIS 3725 (E.D. Mo. January 17, 2008) (staying declaratory judgment action brought by insurer pending outcome of state court case); *National Union Fires Ins. Co. of Pittsburgh v. Interstate Brands Corp.*, 2006 U.S. Dist. LEXIS 3432 (E.D. Mo.

January 18, 2006) (same); *Transcontinental Ins. Co. v. Great American Assurance Co.*, 2006 U.S. Dist. LEXIS 55063 (W.D. Mo. August 8, 2006) (same).

### B. The California Action Is the Appropriate Forum for Resolution of the Parties' Coverage Dispute

The Court should exercise its broad discretion to dismiss (or stay) this action so that the parties can resolve their dispute in the California Action, where the parties have been litigating coverage issues with respect to the same policies at issue here for well over a decade. The California Action is better suited to resolve the parties' dispute for several reasons. First, the California Action involves the exact same issues that Zurich seeks to litigate here. Doe Run's FAC in the California Action seeks a declaration that Zurich is obligated to indemnify Doe Run in the BNSF Action, the Warden Action and the other Pending Lawsuits. *See* FAC, attached as Exhibit C to the Halpern Decl. Similarly, Zurich's Cross-claim in this action seeks a declaration that Zurich is not obligated to indemnify Doe Run in those same lawsuits. Zurich's Cross-claim specifically identifies the BNSF Action, the Warden Action and the other Pending Lawsuits and reads like a summary of Doe Run's FAC in the California Action. By way of relief on its Cross-claim, Zurich specifically requests that the Court enter an order "declaring that the Zurich policies provide no coverage for the Underlying Suits; that Zurich owes no duty to indemnify Doe Run for any settlement or judgment obtained or to be obtained in the future with respect to the Underlying Suits, including the BNSF Lawsuit, the Warden Lawsuit, and any of the Other Underlying Suits . . ." *See* Zurich's Cross-claim, attached as Exhibit D to the Halpern Decl. Allowing both actions to proceed runs the risk of inconsistent rulings and would be uneconomical.

Second, as in *Capitol Indemnity*, the interpretation and application of Zurich's policies is purely a matter of state law. There are no uniquely federal defenses or claims that Zurich is asserting in this action. All of Zurich's (and Hartford's) claims and defenses can be asserted and adjudicated in the California Action. *See Capital Indemnity Corp.*, 218 F.3d at 876 ("Moreover, determining whether Capitol Indemnity's insurance policies cover the Hunt's claims requires the courts to interpret the policies' assault and battery exclusion. Because the interpretation of insurance policies is governed by state law, Missouri law applies in both actions."); *American States Ins. Co.*, 2008 U.S. Dist. LEXIS 3725 at *12 ("The present declaratory judgment concerns the interpretation of coverage under an insurance contract and is purely a matter of state law."); *Transcontinental Ins. Co.*, 2006 U.S. Dist. LEXIS 55063 at *6 ("[T]his case involves only issues of Missouri insurance law. Transcontinental and Great American both seek declarations concerning their obligations to the Higgins under the insurance policies ... ").

Third, in the Settlement Agreement reached between Doe Run and Zurich in 2004, the parties expressly agreed that all substantive rulings, orders and opinions issued in the St. Joe Action would continue to govern the respective rights and obligations of Doe Run and Zurich in any subsequent coverage dispute. Having spent thirteen 13 years litigating coverage issues in the exact same court and, in part, before the exact same judge before whom the California Action is now pending, the California court is undoubtedly much more familiar with the history of this ongoing coverage dispute and the prior orders and rulings which will bear on resolution of the current claims than is this Court (or any other).[6]

---

[6] As indicated, the same court (and judge) also presided over two contribution actions between Zurich and Hartford concerning the coverage payments for Doe Run under the Zurich policies.

Fourth, while Hartford is not presently a party to the California Action, as set forth in Doe Run's upcoming Motion to Stay, to be filed in the next few days, the issues which Hartford seeks to litigate are premature at this time. Accordingly, Doe Run did not include Hartford in the California Action. Hartford, however, can easily be joined to the California Action if and when it becomes necessary to do so.[7] *See American States Ins. Co.*, 2008 U.S. Dist. LEXIS 3725 at *13 ("Inman, Gates and American States are already parties to the state garnishment suit. American States has not raised the concern, nor do I find, that there will be any barriers to American States joining American Family in the state court action (assuming without deciding that it is a necessary party to the suit)."). Indeed, Hartford and Zurich previously litigated two coverage disputes in the exact same court that the California Action is now pending.

Finally, this Court should not sanction Zurich's effort to circumvent Doe Run's chosen forum for its coverage action against Zurich via a Cross-claim in this action. Doe Run filed the California Action in California precisely because of the parties' long history of coverage litigation there and the stipulation between Zurich and Doe Run in the Settlement Agreement providing that California state court is an appropriate forum for the resolution of additional coverage issues. The California Action was filed well *prior to* this action and well *prior to* Zurich's Cross-claim. Doe Run should not be forced to simultaneously litigate its coverage claims against Zurich in both the California Action and this action simply because its insurers may believe that Missouri federal court may be a more favorable forum. Indeed, a suit for declaratory judgment "aimed solely at wresting the choice of forum from the 'natural'

---

[7] Hartford and Doe Run are interested in pursuing mediation and exploring the possibility of settling the dispute between them. Zurich, however, has declined this approach. *See* Halpern Decl. at ¶ 16.

plaintiff will normally be dismissed." *See BASF Corp. v. Symington*, 50 F.3d 555, 558 (8th Cir. 1995).

## IV. CONCLUSION

For the foregoing reasons, Doe Run respectfully requests that the Court dismiss Zurich's Cross-Claim in this action or, at a minimum, stay those claims pending the resolution of the California Action.

Dated: March 20, 2009     Respectfully submitted,

ABELSON | HERRON LLP


By: /s/ Marc D. Halpern
    Marc D. Halpern
    Leslie A. Pereira
    Gwendolyn M. Toczko
    501 West Broadway, Suite 800
    San Diego, CA 92101
    (619) 618-7000 (telephone)
    (619) 618-7001 (facsimile)
    mhalpern@abelsonherron.com
    lpereira@abelsonherron.com
    gtoczko@abelsonherron.com

Counsel for Defendant and Counter-Claimant

## CERTIFICATE OF SERVICE

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI – EASTERN DIVISION

### Hartford Accident And Indemnity Company, et al.
### v.
### The Doe Run Resources Corporation, et al.
### District Court Case No. 4:08-cv-01687-CAS

I am over the age of 18 and not a party to the within action; I am employed by Abelson | Herron, LLP in the County of Los Angeles at 333 South Grand Avenue, Suite 1550, Los Angeles, California, 90071-1559.

On March 20, 2009, I served the document below described as:

**Memorandum in Support of The Doe Run Resources Corporation's Notice of Motion to Dismiss or, in the Alternative, Stay Zurich's Cross-Claim for Declaratory Relief**

The document was served by the following means:

**X**    **BY ELECTRONIC TRANSMISSION VIA NEF**  I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which sent Notifications of Electronic Filing to the persons at the e-mail addresses listed immediately below. Accordingly, pursuant to the Court's Local Rule 5-2.12, I caused the documents to be sent electronically to the persons listed immediately below.

| | |
|---|---|
| E-mail: tjm@heplerbroom.com<br>E-mail: mly@heplerbroom.com<br>Theodore J. MacDonald, Jr., Esq.<br>Michael L. Young, Esq.<br>HEPLER BROOM, MACDONALD,<br>    HEBRANK, TRUE & NOCE LLC | Counsel for Plaintiffs and Counter-Defendants,<br>HARTFORD ACCIDENT AND INDEMNITY COMPANY; and<br>FIRST STATE INSURANCE COMPANY |
| E-mail: rwatters@bjpc.com<br>E-mail: twolf@bjpc.com<br>E-mail: pbousquet@bjpc.com<br>Russell F. Watters, Esq.<br>Timothy J. Wolf, Esq.<br>Patrick A. Bousquet, Esq.<br>BROWN & JAMES, P.C. | Counsel for Defendant,<br>ZURICH AMERICAN INSURANCE COMPANY |

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct.

Executed on March 20, 2009 at Los Angeles, California.

/s/ Marc D. Halpern
Marc D. Halpern

**Certificate of Service *Cont.***

×   **BY U.S. MAIL** I enclosed the document in a sealed envelope addressed to the persons at the address listed immediately below and placed the sealed envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the said date, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelopes with postage fully prepaid.

| | |
|---|---|
| James P. Ruggeri, Esq. | Counsel for Plaintiffs and Counter-Defendants, |
| Joshua D. Weinberg, Esq. | HARTFORD ACCIDENT AND INDEMNITY |
| HOGAN & HARTSON LLP | COMPANY; and |
| 555 Thirteenth Street, NW | FIRST STATE INSURANCE COMPANY |
| Washington, D.C. 20004 | |

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct.

Executed on March 20, 2009 at Los Angeles, California.

*/s/ Rachel E. Zapata*
Rachel E. Zapata