## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| HARTFORD ACCIDENT AND INDEMNITY COMPANY and FIRST STATE INSURANCE COMPANY,<br><br>       Plaintiffs,<br><br>v.<br><br>THE DOE RUN RESOURCES CORPORATION f/k/a ST. JOE MINERALS CORPORATION,<br><br>and<br><br>ZURICH AMERICAN INSURANCE COMPANY as successor-in-interest to ZURICH INSURANCE COMPANY, U.S. BRANCH<br><br>       Defendants. | No. 4:08-CV-01687-CAS |
| THE DOE RUN RESOURCES CORPORATION,<br><br>       Counter-Claimant,<br><br>v.<br><br>HARTFORD ACCIDENT AND INDEMNITY COMPANY and FIRST STATE INSURANCE COMPANY,<br><br>       Counter-Defendants. | |

## DOE RUN'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY ZURICH'S CROSS-CLAIM FOR DECLARATORY RELIEF

## I.    INTRODUCTION

Despite having litigated coverage issues with Doe Run in California for nearly 13 years and having prosecuted two contribution actions against Hartford there, Zurich now seeks to distance itself from the California Action and the prior rulings of the California Court. Zurich's opposition all but ignores the fact that the parties agreed to continue their coverage dispute in California and seeks instead to start anew before this Court. For the reasons set forth below and in Doe Run's moving papers, the Court should abstain from exercising jurisdiction over Zurich's cross-claim. Zurich's cross-claim should be dismissed or, at a minimum, stayed pending resolution of the California Action. Alternatively, the Court can stay the entire action pending resolution of the California Action. As indicated in Doe Run's Case Management Statement, if Hartford's claims survive the pending Motion to Dismiss, Doe Run will seek to have them stayed, in any event, based on ripeness, mootness and prejudice to Doe Run's defense in the pending underling actions against Doe Run

## II.    THE COURT SHOULD ABSTAIN FROM EXERCISING JURISDICTION OVER ZURICH'S CROSS-CLAIM

### A.    The California Action And This Action Are Substantially The Same

Zurich (and Hartford) argues that abstention is inappropriate because this action and the California Action do not involve exactly the same parties and claims [1] The law is clear,

---

[1]    Zurich and Hartford also argue that abstention is inappropriate because, unlike in *Capital Corp v Haverfield*, 218 F.3d 872 (8th Cir. 200), there is no split of authority among state courts on any issue involved in this action that would required the federal district court to predict how the state's supreme court would rule. While Doe Run is not presently aware of any split of authority on a pivotal issue in this case, there is no question that the issues to be litigated are all a matter of state law, which weighs heavily in favor of abstention. See American States Ins. Co. v. Gates Corp., 2008 U.S. Dist. LEXIS 3725 (E.D. Mo. January 17, 2008) (staying declaratory judgment action brought by insurer pending outcome of state court case); National Union Fires Ins. Co. of Pittsburgh v. Interstate Brands Corp., 2006 U.S. Dist LEXIS 3432 (E.D. Mo. January 18, 2006) (same); Transcontinental Ins. Co. v. Great

1

however, that a complete identity is not required for abstention. Rather, suits are considered parallel for abstention purposes "if substantially the same parties litigate substantially the same issues in different forums." Scottsdale Ins. Co. v. Detco Indus., 426 F.3d 994 (8th Cir. 2005).

### 1.    Hartford Can Be Added To The California Action

Although Hartford Accident and Indemnity Company and First State Insurance Company (collectively "Hartford") are not currently parties to the California Action, they can certainly be added, if necessary. Among the factors to be considered by a federal district court in deciding whether to abstain from hearing a declaratory judgment action in favor of a state court action are "whether the necessary parties have been joined" and "whether such parties are amenable to service of process in the [state court] proceeding." See Wilton v. Seven Falls Co., 515 U.S. 277, 283 (1995). There is no doubt that Hartford is amenable to service of process in the California Action. In fact, Hartford and Zurich have already litigated two contribution actions over Doe Run claims in the exact same court that the California Action is now pending. One of those cases went through two trials and a final judgment was entered. Because Hartford can be added to the California Action, the fact that it is not currently a party to that proceeding does not weigh against abstention. See American States Ins. Co v. Gates Corp., 2008 U.S. Dist. LEXIS 3725 (E.D. Mo. January 17, 2008) ("Inman, Gates and American States are already parties to the state garnishment suit. American States has not raised the concern, nor do I find, that there will be any barriers to American States

---

American Assurance Co., 2006 U.S. Dist. LEXIS 55063 (W.D. Mo. August 8, 2006) (same). Tellingly, Zurich and Hartford do not even attempt to distinguish these cases.

joining American Family in the state court action (assuming without deciding that it is a necessary party to the suit.")

To date, Doe Run has not added Hartford to the California Action since the two years of Hartford coverage is insignificant compared to the at least thirty years of coverage issued by Zurich. Furthermore, there are nearly no outstanding coverage disputes between Hartford and Doe Run, whereas tens of millions in coverage is in controversy between Doe Run and Zurich. For example, Doe Run has already obtained coverage from Zurich for the full amount of the settlement in the BNSF Action so there are no outstanding coverage issues between Doe Run and Hartford with respect to that action. Indeed, if the California Action resolves the issue of Zurich's indemnity obligation with respect to the BNSF Action in Doe Run's favor, Doe Run will never need to seek coverage from Hartford for that suit. See United Fire & Cas. Co. v. Fuhr Int'l, LLC, 2006 U.S. Dist. LEXIS 54044 (W.D. Mo. Aug. 3, 2006) (finding that because the duty to indemnify may be moot depending on the outcome of a pending state court case, the federal court case schedule should be modified to allow underlying issues to be resolved in the state court case); Kramer & Frank, P.C. v. Wibbenmeyer, 2007 U.S. Dist. LEXIS 15828 at *5-6 (E.D. Mo. March 6, 2007) ("[The Court] has the discretion of staying [its] determination of an issue until the conclusion of a pending state court proceeding."); Federal Ins. Co. v. Sammons Fin. Group, Inc., 2009 U.S. Dist. LEXIS 9519 at *33 (S.D. Iowa Feb. 4, 2009) ("A stay of the declaratory judgment action is within the district court's discretion so long as the factors weigh in favor of denying or postponing declaratory relief.") Accordingly, in an effort to narrowly subscribe the issues to be litigated and avoid unnecessarily complicating the California Action by involving largely

irrelevant other parties, Doe Run did not name Hartford as a defendant. Doe Run can
certainly do so, however, if Hartford is deemed a necessary party, or if the absence of
Hartford in the California Action is deemed a basis for entertaining Zurich's duplicative
cross-claims in this action.

## 2. The California Action Involves The Same Claims As This Action

Zurich (and Hartford) also claims that the Court should retain jurisdiction over this
matter because it does not involve the same claims as the California Action. Specifically,
Zurich argues that Hartford's claims against Doe Run, Hartford and Zurich's contribution
claims, and Doe Run's affirmative claims against Hartford are not included in the California
Action and must therefore be litigated in this action.[2]

As set forth above, however, Hartford is amenable to service of process in the
California Action and can be easily added as a party. Accordingly, Hartford's claims against
Doe Run, as well as Hartford and Zurich's contribution claims against each other, can just as
easily be prosecuted in the California Action as in this action. Indeed, such claims are purely
a matter of interpreting and applying the Hartford and Zurich policies. The interpretation and
application of insurance policies is governed by state law—there are no uniquely federal
defenses or claims asserted by any of the parties. American States Ins. Co., 2008 U.S. Dist.
LEXIS 3725 at *12 ("The present declaratory judgment concerns the interpretation of
coverage under an insurance contract and is purely a matter of state law."). Indeed, at its
heart, this case is simply the continuation of a standard declaratory relief action that seeks to
determine the coverage obligations of Doe Run's primary insurers. Doe Run naturally chose

---

[2]   Zurich also claims that this action will determine Zurich's obligations with respect to a "broader
range of claims" than those asserted in the California Action. Zurich, however, fails to identify a
single claim included in this action that is not also included in the California Action.

4

to continue the dispute in California, where the parties have been litigating the same coverage issues for years, in the St. Joe Minerals Corporation v. Allianz Insurance Company, et al., Zurich Insurance Company v. Hartford Accident and Indemnity Company (I), and Zurich-American Insurance Company v. Hartford Accident and Indemnity Company (II) actions in Orange County Superior Court, California, Complex Civil Cases Division   Hartford and Zurich should not be allowed to hi-jack the case, as a forum-shopping tactic, or simply because they believe that this Court may provide them with more favorable rulings   All of the parties' competing requests for declaratory relief are already pending, or can easily be joined, in the California Action.

Furthermore, while it is true that Doe Run has asserted claims in addition to declaratory relief against Hartford in this action arising from its improper disclosure of confidential settlement information, Doe Run is willing to stay its affirmative claims pending resolution of the California Action.  Indeed, Doe Run's affirmative claims have nothing to do with coverage issues and could have been brought in a separate action.  Doe Run included them in this action for the sake of convenience.  Accordingly, the Court should exercise its broad discretion to abstain from exercising jurisdiction over Zurich's cross-claim

**B.     Even If The Court Determines That The California Action And This Action Are Not Substantially The Same, The Court Should Still Abstain From Exercising Jurisdiction Over This Case**

Even if the Court determines that the California Action and this action are not substantially the same, it should still exercise its discretion to abstain from exercising jurisdiction over this case.  In Scottsdale Ins. Co. v. Detco Industries, Inc., 426 F 3d 994 (8th Cir. 2005), the Eighth Circuit set forth six factors a district court should consider in

determining whether to dismiss or stay a declaratory judgment action when there are no

parallel state court proceedings. The six factors are:

    (1)     whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue;

    (2)     whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding;

    (3)     the strength of the state's interest in have the issues raised in the federal declaratory judgment action decided in the state courts;

    (4)     whether the issues raised in the federal action can more efficient be resolved in the court which the state action is pending;

    (5)     whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and

    (6)     whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removeable.

Id. at 998 (internal citations and quotations omitted). These factors weigh heavily in favor of

abstention in this instance.

      As to the first two factors, this federal declaratory relief action will not serve to clarify

and settle the parties' legal relations any better than the California Action. As set forth above,

both actions are essentially declaratory relief actions seeking a determination of Hartford and

Zurich's coverage obligations to Doe Run. This action will not accomplish anything more

than can be accomplished in the California Action, which was filed before this case and is

Doe Run's chosen forum for litigating its coverage claims. See BASF Corp. v. Symington,

50 F.3d 555, 558 (8th Cir. 1995) ("a suit for declaratory judgment aimed solely at wresting

6

the choice of forum from the 'natural' plaintiff will normally be dismissed."). At best, the first two factors in the analysis are neutral.

As to the third and fourth factors, Zurich argues that California has no interest in resolving this dispute and that Missouri is a more convenient forum. Zurich's arguments are specious. This action is indelibly connected to California. As explained in Doe Run's moving papers, Zurich and Doe Run previously litigated the St. Joe Action in California for approximately 13 years. The present California Action is simply a continuation of the prior St. Joe Action, which contained a cause of action seeking indemnity coverage for many of the same cases, or their predecessor cases, that are subject of the current dispute. In 2005, most of the pending coverage issues were resolved, with the exception of certain indemnity coverage issues which were not yet ripe. The parties anticipated that with the template provided by the Court's rulings in the St. Joe Action, future issues could be resolved amicably. Accordingly, rather than allow the St. Joe Action to continue with a stay, and years of periodic status conferences, Doe Run agreed to dismiss the remainder of the case, including claims for indemnity coverage for the pending underlying lawsuits, provided that: (1) the rulings in the St. Joe Action would bind the parties for all future coverage issues; and (2) disputes that could not be resolved amicably could be brought back in the California court. Those criteria were agreed to by the parties, and memorialized in a written Settlement Agreement.

Once the BNSF Action and Warden Action settled, and disputes arose between Doe Run and Zurich regarding coverage for those settlements, the indemnity issues ripened and Doe Run subsequently re-filed its coverage action in the same court that handled the St. Joe

7

Action  At the time of the initial filing of the <u>St. Joe</u> Action, Doe Run (then St. Joe Minerals Corporation) was a California resident and filed the <u>St. Joe</u> Action in the courthouse closest to its corporate offices in Irvine, California  The fact that Doe Run and Zurich agreed to dismiss the case so as to alleviate burden on the court should not now penalize Doe Run and deprive it of its preference (and right) to continue litigating in California, before the same Court that handled the coverage litigation for 13 years and issued numerous rulings that still bind the parties.  Appropriately, the same judge who presided over the conclusion of the <u>St. Joe</u> Action (as well as the two related <u>Zurich</u> contribution actions against Hartford) has taken the California Action—whereby the parties' will benefit from the California Court's extensive existing knowledge of the related past and present disputes

Indeed, given that the prior substantive rulings in the <u>St. Joe</u> Action will govern in this dispute, it will be a much more efficient use of time and resources, and most appropriate in terms of judicial consistency, to have the California Court, rather than this Court, adjudicate this dispute.  This California Court has a strong interest in seeing that its prior rulings and settlements are properly observed  Indeed, the most appropriate venue for an enforcement action is the same venue as the court where the original action was heard and completed (and, in this case, before the same judge).

In light of the fact that Zurich not only litigated for 13 years with Doe Run in California, but also filed two contribution actions against Hartford with respect to Doe Run coverage payments there as well, Zurich's contention that California is an inconvenient forum rings absolutely hollow.  The first contribution action filed by Zurich proceeded through two trials, and to a Final Judgment  Pursuant to the holdings and Judgment in that litigation,

8

Zurich has been obtaining contribution from Hartford for certain Doe Run coverage payments. Given that Zurich pursued its own claims for contribution in California for years, it should not now be heard to complain that California is not an appropriate forum for the resolution of additional related claims, or that this forum (chosen by Hartford, not Zurich, after Doe Run filed its coverage action in California) should take precedence.

Furthermore, it is pure speculation for Zurich to argue that California is an inappropriate forum because witnesses supposedly necessary to the prosecution of the coverage claims may not be located in California and may not be subject to compulsory process there. The factual issues in this case are not yet sufficiently developed to determine who will be appropriate and/or necessary witnesses. Tellingly, Zurich has failed to provide any factual support for its assertion that it will need to call witnesses from Missouri that are not subject to compulsory process.

Likewise, it is of no consequence that Missouri law will likely govern this coverage dispute. Indeed, the California Court previously applied Missouri law throughout the St. Joe Action, and there is no reason that it cannot continue to effectively do so. See Insurance Co. of Pa. v. Syntex Corp., 964 F.2d 829, 835 (8th Cir. 1992) ("The Missouri federal district court is not necessarily more convenient than the California state court, and there is no reason to assume that the California court would be unable to make a correct choice of law determination and, if necessary, apply Missouri law to the comprehensive action before it.")

The fifth factor—avoiding unnecessary entanglement between the federal and state court systems—also strongly favors abstention. Should this Court decide to proceed with this action, Doe Run and Zurich will be litigating the exact same issues in two different forums.

9

Not only would this result in a tremendous waste of the parties' and courts' resources, it also
threatens to result in inconsistent rulings  For the sake of judicial economy and consistency,
the Court should abstain from exercising jurisdiction until the California Action is resolved.
See Mitcheson v. Harris, 955 F.2d 235 (4th Cir 1992) ("A system of judicial federalism has
enough inherent friction without the added aggravation of unnecessary federal declarations on
questions that will be addressed in the pending state action.").

Finally, the sixth factor, which asks whether the declaratory judgment action is being
used merely as a device for procedural fencing, also weighs in favor of abstention.  It is clear
from the long litigation history between the parties that Zurich (and Hartford) is attempting to
find a more favorable forum in light of the numerous rulings issued in Doe Run's favor in
connection with the St. Joe Action.  Zurich's conduct should not be rewarded  At the time the
St. Joe Action was dismissed, Zurich specifically agreed that future indemnity issues could be
brought back before the California court.  And while Hartford is not a party to that agreement,
it should not be allowed to dictate where the existing coverage dispute with Zurich is litigated,
especially since Hartford is a far lesser player in this dispute having issued only two years of
primary coverage to Doe Run and having almost no pending coverage disputes with Doe Run
Proceeding with Zurich's cross-claims in this action is akin to the tail wagging the dog and
smacks of forum shopping.

In short, the factors set forth by the Eighth Circuit in Scottsdale for determining
whether a district court should abstain from deciding a declaratory relief action where there is
no parallel state court proceeding weigh heavily in favor of abstention.

10

### III.    CONCLUSION

This action and the California Action are substantially the same. Accordingly, the
Court should exercise its broad discretion to dismiss or stay Zurich's cross-claim pending
resolution of the California Action. Even if the Court finds that the two lawsuits are not
parallel, however, the Court still has considerable discretion to dismiss or stay Zurich's cross-
claim for the sake of judicial economy and to avoid inconsistent rulings. Alternatively, Doe
Run believes that it also would be appropriate for the Court to stay the entire action until the
California Action has been resolved. As set forth above, Hartford can be added to the
California Action if it is deemed a necessary party. Should the court nevertheless desire to
proceed with Hartford's claims in this proceeding, Doe Run intends to file a motion to stay as
Hartford's claims are either moot, premature or threaten to prejudice Doe Run in the
underlying actions. For all the foregoing reasons, Doe Run respectfully request that the Court
grant its Motion to Dismiss or Stay Zurich's cross-claim.

Dated: April 13, 2009                 Respectfully submitted,

                                     ABELSON | HERRON LLP


                                     By: /s/ Marc D. Halpern
                                         Marc D. Halpern
                                         Gwendolyn M. Toczko
                                         501 West Broadway, Suite 800
                                         San Diego, CA 92101
                                         (619) 618-7000 (telephone)
                                         (619) 618-7001 (facsimile)
                                         mhalpern@abelsonherron.com
                                         gtoczko@abelsonherron.com

                                         *Counsel for Defendant and Counter-Claimant*
                                         *The Doe Run Resources Corporation*

11

## CERTIFICATE OF SERVICE

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI – EASTERN DIVISION

### Hartford Accident And Indemnity Company, et al.
#### v.
### The Doe Run Resources Corporation, et al.
### District Court Case No. 4:08-cv-01687-CAS

I am over the age of 18 and not a party to the within action; I am employed by Abelson | Herron, LLP in the County of Los Angeles at 333 South Grand Avenue, Suite 1550, Los Angeles, California, 90071-1559

On April 13, 2009, I served the document below described as:

**DOE RUN'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY ZURICH'S CROSS-CLAIM FOR DECLARATORY RELIEF**

The document was served by the following means:

**X**   **BY ELECTRONIC TRANSMISSION VIA NEF** I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which sent Notifications of Electronic Filing to the persons at the e-mail addresses listed immediately below. Accordingly, pursuant to the Court's Local Rule 5-2.12, I caused the documents to be sent electronically to the persons listed immediately below.

| | |
|---|---|
| E-mail: tjm@heplerbroom.com<br>E-mail: mly@heplerbroom.com<br>Theodore J. MacDonald, Jr., Esq.<br>Michael L. Young, Esq.<br>HEPLER BROOM, MACDONALD,<br>   HEBRANK, TRUE & NOCE LLC | Counsel for Plaintiffs and Counter-Defendants,<br>HARTFORD ACCIDENT AND INDEMNITY<br>COMPANY; and<br>FIRST STATE INSURANCE COMPANY |
| E-mail: rwatters@bjpc.com<br>E-mail: twolf@bjpc.com<br>E-mail: pbousquet@bjpc.com<br>Russell F. Watters, Esq.<br>Timothy J. Wolf, Esq.<br>Patrick A. Bousquet, Esq<br>BROWN & JAMES, P C | Counsel for Defendant,<br>ZURICH AMERICAN INSURANCE<br>COMPANY |

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct.

Executed on April 13, 2009 at Los Angeles, California.

_____/s/ Marc D. Halpern_____
Marc D Halpern

**Certificate of Service *Cont.***

☒     **BY U.S. MAIL**  I enclosed the document in a sealed envelope addressed to the persons at the address listed immediately below and placed the sealed envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing  On the said date, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelopes with postage fully prepaid.

James P. Ruggeri, Esq.     Counsel for Plaintiffs and Counter-Defendants,
Joshua D. Weinberg, Esq.    HARTFORD ACCIDENT AND INDEMNITY
HOGAN & HARTSON LLP   COMPANY; and
555 Thirteenth Street, NW    FIRST STATE INSURANCE COMPANY
Washington, D.C.  20004

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct

Executed on April 13, 2009 at Los Angeles, California.

Soonja Bin