**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HARTFORD ACCIDENT AND | ) | |
| INDEMNITY COMPANY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:08-CV-1687 CAS |
| | ) | |
| THE DOE RUN RESOURCES | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This diversity matter is before the Court on defendant The Doe Run Resources Corporation's ("Doe Run") motion for realignment of the parties and to dismiss for lack of subject matter jurisdiction. The motion is opposed by plaintiffs Hartford Accident and Indemnity Company and First State Insurance Company (collectively referred to as "Hartford"), and by defendant Zurich American Insurance Company ("Zurich"). For the following reasons, the motion will be denied.

**Background**.

This litigation concerns an insurance coverage dispute among Hartford, Zurich and Doe Run relating to various bodily injury and/or property damage lawsuits filed against Doe Run arising out of its operation of a lead smelter near Herculaneum, Missouri (the "Underlying Claims"). Hartford filed this action on November 3, 2008, seeking a declaration that it has no obligation to indemnify Doe Run in connection with the Underlying Claims. Hartford also seeks a declaration that, to the extent it has indemnity obligations to Doe Run, it is entitled to contribution from Zurich.

Zurich filed a cross-claim against Doe Run, seeking a declaration that it has no duty to indemnify Doe Run with respect to the Underlying Claims, and a counterclaim against Hartford,

seeking a declaration that in the event it is obligated to indemnity Doe Run for the Underlying Claims, it is entitled to an allocation from Hartford for all or part of the coverage owed to Doe Run.

In the instant motion, Doe Run seeks an order realigning the parties and dismissing the action for lack of subject matter jurisdiction. Doe Run asserts that the primary purpose of this action is to resolve Doe Run's indemnity coverage rights with its primary insurers, Hartford and Zurich, in connection with various pending and settled lawsuits. Doe Run states that Hartford sued it to resolve coverage issues for these lawsuits, and Zurich cross-claimed against it to resolve coverage issues for the same lawsuits. Doe Run states that the only claims between Hartford and Zurich are for contribution, and the contribution claims are derivative and secondary to the coverage claims as they can be resolved only after the Court has determined which insurers have a duty to indemnify Doe Run. Doe Run asserts that the insurers' contribution claims are merely ancillary to the issue of whether Hartford and Zurich have a duty to indemnity Doe Run. Consequently, Doe Run argues that because the primary purpose of the action concerning coverage issues, Zurich should be realigned as a party plaintiff, which would destroy diversity jurisdiction as both Doe Run and Zurich are domiciled in New York.

Hartford and Zurich oppose the motion, arguing that realignment is not proper under Eighth Circuit precedent because there is an actual and substantial controversy between them concerning the existence and extent of contribution obligations.

**Discussion**.

Federal district courts have original jurisdiction over civil actions in which there is complete diversity of citizenship between plaintiffs and defendants, and the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)(1); <u>Buckley v. Control Data Corp.</u>, 923 F.2d 96, 97,

n.6 (8th Cir. 1991).  A corporation may be a citizen of two states: (1) the state in which it is incorporated, and (2) the state in which it maintains its principal place of business.  Capitol Indem. Corp. v. Russellville Steel Co., Inc., 367 F.3d 831, 835 (8th Cir.2004).  "Complete diversity of citizenship exists where no defendants hold citizenship in a state where any plaintiff holds citizenship." Id.  "To sustain diversity jurisdiction there must exist an 'actual,' 'substantial,' controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side."  City of Indianapolis v. Chase Nat'l Bank of City of New York, 314 U.S. 63, 69 (1941) (internal citations omitted).

The alignment of parties in the pleadings as plaintiffs and defendants is not conclusive in determining whether complete diversity of citizenship exists.  Universal Underwriters Ins. Co. v. Wagner, 367 F.2d 866, 870 (8th Cir. 1966) ("Wagner").  It is the duty of the federal courts to "look beyond the pleadings, and arrange the parties according to their sides in the dispute."  City of Indianapolis, 314 U.S. at 69 (quoted case omitted)).

The parties' positions and resolution of the instant motion turn on the proper test to be applied in determining whether realignment should occur: the "principal purpose" test advocated by Doe Run, or the "actual and substantial conflict" test advocated by Hartford and Zurich.  Both tests stem from language in the Supreme Court's seminal decision in City of Indianapolis.  Under the principal purpose test, the existence of a controversy between parties pleaded as adverse is determined on the basis of the primary purpose of the suit, and the parties must be realigned if there is no adversity between parties with respect to the primary issue in dispute.  See 15 James Wm. Moore, et al., Moore's Federal Practice § 102.20[3] (3d ed. 2008).  Under the actual and substantial conflict test, realignment of parties is not required if there is any actual and substantial conflict

existing between those parties, regardless of whether it concerns the primary issue in dispute.  Id.

The lower courts are divided in their application of the two tests.  Id.  The Eighth Circuit adopted the actual and substantial conflict test in Wagner, 367 F.2d at 870 (referring to the "principal purpose of the suit" but requiring only a "substantial controversy" on any issue between the parties).  See 15 Moore's Federal Practice § 120.20[4]; 20 Charles Alan Wright & Mary Kay Kane, Federal Practice & Procedure § 32 (2002).  Wagner was an action by an insurer in which the insured and another insurer with a policy covering the insured were sued as defendants.  The Eighth Circuit held that although the defendant insurer shared an interest with the plaintiff insurer in avoiding liability to the insured, this did not require realignment of parties because there were issues between the plaintiff and defendant insurers as to the duty to insured and which insurer was liable.  Id., 367 F.2d at 870.

District courts in this circuit have recognized that the actual and substantial conflict test is controlling in the Eighth Circuit.  See JBB Invs. LLC v. Fazoli's Franchising Sys. LLC, 2008 WL 2568468, *3 (E.D. Ark. June 25, 2008) ("The Court must determine whether an actual controversy exists between opposing parties, regardless of whether the controversy exists on a primary or non-primary issue."; citing Wagner); see also EOG Resources, Inc. v. Badlands Power Fuels, LLC, 2009 WL 424431, *5 (D.N.D. Feb. 18, 2009) (realignment of parties was not appropriate where an actual conflict existed between the plaintiff and one of several defendants; both sought to be contractually indemnified from claims brought against them, but a conflict existed because the defendant also sought indemnification from the plaintiff regardless of indemnity provisions potentially enforceable against other defendants).

Thus, the Court must determine whether an actual and substantial conflict exists between Hartford and Zurich.  The pleadings establish that such a conflict does exist in this case.  Hartford and

Zurich have a genuine dispute about the existence and extent of their contribution obligations. Zurich has already made payments in connection with some of the Underlying Claims and has filed a counterclaim against Hartford seeking contribution for those payments, as well as any further indemnity costs for which it may be liable. Hartford is seeking a declaration that it has no duty to pay any contribution to Zurich. An actual and substantial controversy therefore exists between Hartford and Zurich and realignment of the parties is not required.

**Conclusion**.

For the foregoing reasons, the pleadings establish that an actual and substantial controversy exists between Hartford and Zurich, and the Court declines to order Zurich realigned as a party plaintiff. Doe Run's motion for realignment and to dismiss for lack of subject matter jurisdiction should therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that The Doe Run Resources Corporation's motion for realignment of the parties and to dismiss for lack of subject matter jurisdiction is **DENIED**. [Doc. 37]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  21st  day of April, 2009.

5