UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HARTFORD ACCIDENT AND INDEMNITY COMPANY, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:08-CV-1687 CAS ) |
| THE DOE RUN RESOURCES CORPORATION, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This diversity matter is before the Court on plaintiffs Hartford Accident and Indemnity Company and First State Insurance Company's (collectively referred to as "Hartford") motion to dismiss Counts I, II and V of the counterclaim filed by defendant The Doe Run Resources Corporation ("Doe Run"), under Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. Doe Run opposes the motion and it is fully briefed. For the following reasons, the motion will be denied in all respects.

**Background**.

This litigation concerns an insurance coverage dispute among Hartford, Doe Run and Zurich American Insurance Company ("Zurich") relating to various bodily injury and/or property damage lawsuits filed against Doe Run arising out of its operation of a lead smelter near Herculaneum, Missouri (the "Underlying Claims"). Hartford filed this action seeking a declaration that it has no obligation to indemnify Doe Run in connection with the Underlying Claims. Hartford also seeks a

declaration that, to the extent it has indemnity obligations to Doe Run, it is entitled to contribution from Zurich.

When Hartford initially filed the lawsuit on November 3, 2008, the complaint included information identifying the settlement amount of two Underlying Claims, Warden v. The Doe Run Resources Corp. ("Warden"), and BNSF Railway Co. v. The Doe Run Resources Corp. ("BNSF"). On November 4, 2008, Doe Run advised Hartford that the settlement amounts were confidential, and Hartford immediately filed a new complaint and the original complaint was deleted from the Court's electronic case management/case filing system. On January 5, 2009, Doe Run filed a five-count counterclaim based solely on disclosure of the Warden and BNSF settlement amounts (the "Confidential Settlement Information") in the November 3, 2008 complaint. The instant motion concerns Doe Run's claims in Count I, for breach of fiduciary duty; Count II, for breach of insurance contract; and Count V, for breach of the covenant of good faith and fair dealing.

**Legal Standard**.

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. The Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), that a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 560 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A plaintiff need not provide specific facts in support of its allegations, Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549

(8th Cir.), cert. denied, 129 S. Ct. 222 (2008) (quoting Twombly, 550 U.S. at 555-56 & n.3). A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Twombly, 550 U.S. at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 556; Fed. R. Civ. P. 8(a)(2).

**Discussion**.

  A. Count I - Breach of Fiduciary Duty

In Count I, Doe Run asserts that Hartford breached a fiduciary duty owed to Doe Run when Hartford disclosed the Confidential Settlement Information in the original complaint filed in this action.

Hartford moves to dismiss Count I on the basis that Missouri law does not recognize a general fiduciary duty running between insurer and insured, citing Dairy Farmers of America, Inc. v. Travelers Insurance Co., 292 F.3d 567, 572-73 (8th Cir. 2002), and such a duty exists only when the insurer is conducting the insured's defense, citing Grewell v. State Farm Mutual Automobile Insurance Co., 162 S.W.3d 503, 508-09 (Mo. Ct. App. 2005). Hartford states that Doe Run does not and cannot allege that Hartford ever conducted its defense or was entrusted with the settlement of claims, and instead alleges that it asked Hartford to contribute to settlement of the Warden and BNSF actions.

Hartford asserts that contribution payments it made to Zurich for defense costs do not establish a fiduciary duty, because contribution is an equitable claim that exists solely between insurers, and the insured is not a party. Hartford notes that Zurich's alleged right to contribution from Hartford arose specifically because Hartford did not participate in Doe Run's defense. Hartford therefore concludes that Doe Run fails to state a claim for breach of fiduciary duty.

Doe Run responds that under Missouri law, a fiduciary relationship may arise as a matter of law by virtue of the parties' relationship, or as a result of the special circumstances of the parties' relationship where one places trust in another so that the latter gains superiority and influence over the former, citing Shervin v. Huntleigh Securities Corp., 85 S.W.3d 837, 840-41 (Mo. Ct. App. 2002). Doe Run asserts that special circumstances exist here because it entrusted Hartford with the Confidential Settlement Information in the expectation of coverage.

Doe Run states that Missouri law recognizes insurers' fiduciary duty to insureds beyond the defense context, citing Ingram v. Mutual of Omaha Insurance Co., 170 F.Supp.2d 907, 908 (W.D. Mo. 2001) (finding a breach of fiduciary duty where an insured turned over a policyholder's medical records in response to a third-party subpoena without obtaining the policyholder's consent or informing her of the disclosure). Doe Run asserts that its actions in providing the Confidential Settlement Information to Hartford are consistent with an intention to reveal confidential information only to the extent necessary to obtain coverage under the applicable policies, and Hartford had a fiduciary duty to protect this information from unauthorized disclosure.

Count I of the counterclaim alleges that Doe Run is an insured under insurance policies issued by Hartford which provide coverage for certain underlying lawsuits, including Warden and BNSF, and that Hartford "participated in the defense" of these actions by paying contribution to Zurich,

4

another insurer of Doe Run, until the actions were settled. Counterclaim, ¶¶ 7-18. The counterclaim further alleges that as part of negotiations to settle the Warden and BNSF actions, Hartford demanded that Doe Run provide Hartford copies of the settlement agreements in order to permit Hartford to reach a decision concerning contribution toward the settlements, and Doe Run provided the requested information on the condition Hartford would keep it confidential:

> 19. Leading up to the time that the agreements to settle the Warden and BNSF Lawsuits were reached, Doe Run sought Hartford's commitment to contribute to the settlement of those actions. Prior to rendering its decision, Hartford demanded copies of the Warden and BNSF Lawsuits settlement agreements, along with various other information and materials. Doe Run provided all needed information, and agreed to provide copies of the settlement agreements on the condition that Hartford maintain the confidentiality of the written settlement agreements and their terms. Hartford agreed, and the settlement documents were provided.
>
> 20. Thereafter, Hartford refused to provide any funding for the Warden and BNSF Lawsuits settlements and instead commenced this action seeking a declaratory judgment that it had no obligation to provide any settlement funding.

Counterclaim at 16, ¶¶ 19-20.

Under Missouri law, "a 'fiduciary relationship' is deemed to exist when 'a special confidence [is] reposed in one who in equity and good conscience is bound to act in good faith, and with due regard to the interests of the one reposing the confidence.'" Dairy Farmers, 292 F.3d at 572 (quoting Vogel v. A.G. Edwards & Sons, Inc., 801 S.W.2d 746, 751 (Mo. Ct. App. 1990)). "In determining the existence of a fiduciary relationship, the key question is whether or not trust is reposed with respect to the property or business affairs of another." Grewell, 162 S.W.3d at 509. It is established that circumstances other than the defense of an action can create a fiduciary relationship between an insurer and an insured under Missouri law. See Ingram, 170 F.Supp.2d at 908.

5

Doe Run alleges that it provided the Confidential Settlement Information to Hartford in connection with attempts to resolve the Warden and BNSF actions, at Hartford's request and upon condition of confidentiality. Doe Run argues that these facts create special circumstances sufficient to establish a fiduciary duty on Hartford's part to safeguard the confidential information. Count I asserts that the alleged fiduciary duty arose from more than the mere existence of an insurer-insured relationship. Neither party has cited any case law that addresses an analogous situation. Although the Court questions whether Hartford's actions constitute participation in the defense of the Warden and BNSF actions, Doe Run does allege that it placed its trust in Hartford concerning Doe Run's confidential business affairs. On the facts alleged, it is not clear that Doe Run fails to assert a viable legal theory for breach of fiduciary duty.

Under these circumstances, the Court concludes Hartford has not met its burden to establish that Doe Run does not plead enough facts to state a claim to relief that is plausible on its face. The motion to dismiss should therefore be denied with respect to Count I of the counterclaim.

B. Count V - Breach of the Covenant of Good Faith and Fair Dealing

In Count V, Doe Run alleges that the insurance contracts issued to it by Hartford contain an implied covenant of good faith and fair dealing, which Hartford breached by improperly disclosing the Confidential Settlement Information in the original complaint.

Hartford moves to dismiss Count V on the basis that under Missouri law, a claim of breach of a covenant of good faith and fair dealing requires the existence of a fiduciary duty. Hartford argues that a claim for breach of the covenant of good faith must be founded on an underlying fiduciary relationship apart from the mere relationship of insurer and insured, citing Duncan v. Andrew County Mutual Insurance Co., 665 S.W.2d 13, 19 (Mo. Ct. App. 1983), because there is no

general fiduciary duty running between an insurer and insured. Dairy Farmers, 292 F.3d at 572. Hartford asserts that Doe Run's breach of good faith claim is "essentially identical" to its claim for breach of fiduciary duty, and fails for the same reason--no fiduciary relationship exists between Hartford and Doe Run because they are merely insurer and insured. Hartford reiterates that Doe Run has not entrusted Hartford with its defense or the settlement of claims, so no fiduciary duty is created in the insurer-insured relationship.

Doe Run responds that the covenant of good faith and fair dealing requires Hartford to deal honestly and faithfully with Doe Run, particularly with respect to third-party liability actions, and obliges it to consider Doe Run's best interests and assist in the furtherance of those interests even when doing so could require the sacrifice of Hartford's own interests, citing Zumwalt v. Utilities Insurance Co., 228 S.W.2d 750, 756 (Mo. 1950). Doe Run asserts that a fiduciary relationship exists between it and Hartford based on Hartford's participation in the defense of the Warden and BNSF actions, and based on Doe Run's providing of confidential information to Hartford in the context of seeking settlement of these actions. Doe Run asserts that this fiduciary duty provides the basis for an action for breach of the covenant of good faith.

Doe Run further responds that Hartford cites no authority for limiting claims for breach of the covenant of good faith and fair dealing to situations where the insurer defends and settles claims on behalf of the insured. Doe Run states that while bad faith claims do commonly arise in such a context, and Missouri has a statute addressing the vexatious refusal of an insurer to pay, these authorities do not limit bad faith claims in other contexts, citing Overcast v. Billings Mutual Insurance Co., 11 S.W.3d 62, 69 (Mo. 2000) (en banc).

Hartford recognizes that Doe Run's breach of good faith claim is "essentially identical" to its claim for breach of fiduciary duty. As discussed above, Hartford failed to establish that Doe Run has not alleged a viable legal theory of breach of fiduciary duty. If a fiduciary duty exists between Hartford and Doe Run arising out of Hartford's receipt of the Confidential Settlement Information, it is possible that Doe Run can also assert a viable legal theory for breach of the covenant of good faith and fair dealing on the facts alleged. Hartford's motion to dismiss should therefore be denied with respect to Count V.

C. <u>Count II - Breach of Insurance Contract</u>

In Count II, Doe Run asserts a claim that Hartford breached the insurance contract by disclosing the Confidential Settlement Agreement. Count II alleges in pertinent part:

> 38. Pursuant to the terms of the Hartford A & I Policies, Hartford was obligated to assist Doe Run with its defense against the Warden and BNSF Lawsuits. This duty to defend carried with it an implied duty to maintain the confidentiality of all confidential information it obtained from Doe Run for the express purpose of assisting it with its defense.
>
> 39. Hartford breached this duty, and thus its insurance contracts with Doe Run, when it failed to maintain the confidentiality of the Confidential Settlement Information.

Counterclaim, ¶¶ 38-39.

Hartford moves to dismiss Count II, asserting that it fails to state a claim because it is contradicted by Doe Run's own factual allegations. Hartford states that Doe Run concedes it did not provide Hartford with the Confidential Settlement Information for the purpose of assisting in its defense, but instead "sought Hartford's commitment to the settlement of those actions." Counterclaim, ¶ 19. Thus, Hartford contends that by the time it received the confidential information, the defense was over and the dispute was resolved. In addition, Hartford argues that its alleged

breach is not a breach of any duty under its insurance policies but rather is an alleged breach of a separate and disputed agreement to maintain the confidentiality of the settlement amounts, which Doe Run has set forth in Counts III and IV, for breach of oral contract and breach of contract.

Doe Run responds that under the terms of the policies, Hartford was obligated to assist in the defense of the <u>Warden</u> and <u>BNSF</u> actions, and this duty to defend carried with it an implied and obvious duty to maintain the confidentiality of all confidential information Hartford obtained from Doe run for the purpose of assisting with Doe Run's defense. Doe Run rejects Hartford's contention that Doe Run did not provide the Confidential Information for the purpose of assisting in its defense and points to its allegations that: (1) "Hartford participated in Doe Run's defense of the <u>Warden</u> and <u>BNSF</u> actions by paying contribution to Zurich;" (2) "Doe Run sought Hartford's commitment to contribute to the settlement of those actions;" and (3) "[p]rior to rendering its decision, Hartford demanded copies of the <u>Warden</u> and <u>BNSF</u> Lawsuits settlement agreements." Counterclaim, ¶¶ 18-19. Doe Run states that it provided the settlement information to Hartford in order to receive insurance coverage under the Policies, and Hartford in its motion is simply disputing facts pleaded in the counterclaim and reasonable inferences from those facts, which is inappropriate on a Rule 12(b)(6) motion.

Hartford replies that Doe Run's claim of breach of the insurance contract in Count II fails to state a claim because the alleged breach is not a breach of any duty under the insurance contracts. Hartford notes that Doe Run cites no provision of the insurance contract in support of its claim of breach, and instead claims that Hartford breached "an implicit and obvious duty" to maintain the confidentiality of the materials it received, but cites no authority for the "obvious" yet "implicit" duty, either from the insurance contract itself or any case law.

9

Hartford further responds that Doe Run's allegation Hartford obtained the confidential information for the express purpose of assisting with Doe Run's defense is patently false, because the counterclaim shows that (1) Doe Run sought and received defense of the underlying actions from Zurich; (2) Doe Run never asked Hartford for a defense; (3) Hartford did not provide a defense, and (4) Doe Run approached Hartford for the first time with a request to contribute to the settlement, not the defense, of the underlying actions. Hartford quotes Doe Run's allegation in the counterclaim: "Leading up to the time that the agreements to settle the Warden and BNSF Lawsuits were reached, Doe Run sought Hartford's commitment to contribute to the settlement of those actions." Counterclaim, ¶ 19. Hartford states that on the brink of settlement, Doe Run asked it to contribute to the settlement, but never even asked Hartford to assist in its defense.

The Court questions whether Doe Run will be able to establish that Hartford breached the insurance contract by disclosing the confidential information. The Court must, however, accept as true and construe in Doe Run's favor the facts alleged in the counterclaim, even if it appears that "actual proof of those facts is improbable." Data Mfg., Inc. v. United Parcel Serv., Inc., 557 F.3d 849, 851 (8th Cir. 2009) (quoting Twombly, 550 U.S. at 556). Hartford bears the burden of proof on this motion, but does not cite a single case in support of its contentions with respect to Count II. The Court is not prepared to say as a matter of law, in the absence of supporting authority and based merely on Hartford's assertions, that Doe Run cannot assert a viable legal theory for breach of the insurance contract based on Hartford's alleged disclosure of the Confidential Settlement Information. As a result, the Court concludes Hartford has not met its burden to establish that Doe Run does not plead enough facts to state a claim to relief that is plausible on its face. The motion to dismiss should therefore be denied with respect to Count II of the counterclaim.

**Conclusion**.

For the foregoing reasons, plaintiffs' motion to dismiss Counts I, II and V of Doe Run's counterclaim for failure to state a claim on which relief can be granted is **DENIED** in all respects. [Doc. 15]

／s／ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  27th  day of April, 2009.