# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HARTFORD ACCIDENT AND INDEMNITY COMPANY, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:08-CV-1687 CAS ) |
| THE DOE RUN RESOURCES CORPORATION, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant The Doe Run Resources Corporation's ("Doe Run") Motion for Certification of April 21, 2009 Interlocutory Order for Appeal Pursuant to 28 U.S.C. § 1292(b) and for Stay of Proceedings Pending Appeal. Doe Run moves this Court to certify for interlocutory appeal its Memorandum and Order of April 21, 2009 (Doc. 59), which denied Doe Run's motion for realignment of the parties and to dismiss for lack of subject matter jurisdiction. The motion for certification is opposed by plaintiffs Hartford Accident and Indemnity Company and First State Insurance Company, and by defendant Zurich American Insurance Company. Doe Run did not file a reply memorandum and the time to do so has passed. As a result, the motion is ready for decision.

Pursuant to 28 U.S.C. § 1292(b), immediate appellate review of interlocutory orders that are not otherwise appealable may be had under certain circumstances:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and

that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . . .

28 U.S.C. § 1292(b).

The Eighth Circuit has observed that it has "long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens to both the court and the litigants. Permission to allow interlocutory appeals should thus be granted sparingly and with discrimination." Union County, Ia. v. Piper Jaffray & Co., Inc., 525 F.3d 643, 646 (8th Cir. 2008) (quoting White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994)). A party seeking the extraordinary action of interlocutory review "bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." Id. (quoting White, 43 F.3d at 376). "Section 1292(b) establishes three criteria for certification: the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." Id. (quoting White, 43 F.3d at 377).

The Court concludes that defendant Doe Run's proposed interlocutory appeal does not meet the standard for certification under Section 1292(b) because it does not present a controlling question of law within the meaning of the statute.

The decision whether to realign parties to a case is a matter entrusted to the Court's discretion. See Anheuser-Busch, Inc. v. John Labatt Ltd., 89 F.3d 1339, 1344 (8th Cir. 1996) ("we do not believe that the District Court abused its discretion by denying Labatt's motion to . . . realign the parties."); Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist. No. 1, 839 F.2d 1296, 1301 n.5 (8th Cir. 1988) ("the District Court has not abused its discretion in refusing to realign the

parties"). The Eighth Circuit has held that a matter entrusted to a district court's discretion does not present a "controlling question of law" and cannot be certified for interlocutory appeal under Section 1292(b). See White, 43 F.3d at 377 ("an allegation of abuse [of discretion] does not create a legal issue.").

Because the Memorandum and Order of April 21, 2009 does not present a controlling question of law, the Court need not determine whether the other criteria necessary for interlocutory appeal are met. The Court finds that Doe Run has failed to meet its burden to establish that this case is an exceptional one warranting immediate review, and its motion for certification for interlocutory appeal should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant The Doe Run Resources Corporation's Motion for Certification of April 21, 2009 Interlocutory Order for Appeal Pursuant to 28 U.S.C. § 1292(b) and for Stay of Proceedings Pending Appeal is **DENIED**. [Doc. 67]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  9th  day of June, 2009.