UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HARTFORD ACCIDENT AND INDEMNITY COMPANY, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:08-CV-1687 CAS ) |
| THE DOE RUN RESOURCES CORPORATION, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant/counterclaimant/cross-claimant Zurich American Insurance Company's ("Zurich") Motion to Reconsider, Set Aside, and Vacate this Court's Order Staying Zurich's Cross-Claim. Zurich's motion concerns the Memorandum and Order of May 7, 2009 (Doc. 69), which granted defendant The Doe Run Resources Corporation's ("Doe Run") motion to stay Zurich's cross-claim for declaratory relief against Doe Run, pending the outcome of litigation between Doe Run and Zurich in state court in California. Doe Run opposes the motion to reconsider and it is fully briefed. For the following reasons, the Court will grant the motion to reconsider but reaffirms its conclusion that Zurich's cross-claim should be stayed pending resolution of the litigation between Doe Run and Zurich in California.

**Background**

For clarity of the record, the Court will reiterate the background information previously set forth in the Memorandum and Order of May 7, 2009.

This litigation concerns an insurance coverage dispute among Hartford Accident and Indemnity Company ("Hartford") and First State Insurance Company ("First State"), Zurich and Doe

Run relating to various bodily injury and/or property damage lawsuits filed against Doe Run arising out of its operation of a lead smelter near Herculaneum, Missouri (the "Underlying Claims"). Hartford and First State filed this action seeking a declaration that they have no obligation to indemnify Doe Run in connection with the Underlying Claims. Hartford and First State also seek a declaration that, to the extent they have indemnity obligations to Doe Run, they are entitled to contribution from Zurich.

Zurich filed a cross-claim against Doe Run seeking a declaration that it has no duty to indemnify Doe Run with respect to the Underlying Claims, and a counterclaim against Hartford and First State, seeking a declaration that in the event it is obligated to indemnity Doe Run for the Underlying Claims, it is entitled to an allocation from Hartford and First State for all or part of the coverage owed to Doe Run. Doe Run's motion sought to dismiss or stay Zurich's cross-claim on the basis that the issue of Zurich's coverage obligation is already the subject of an earlier-filed lawsuit between Zurich and Doe Run currently pending in state court in California.

**Factual Background of Cross-Claim and Litigation History**

    A. <u>The Cross-Claim Parties</u>

Doe Run is a mining, milling and smelting company that has been in operation since the late 1800s.[1] Its principal product is lead. Since the 1980s, Doe Run has been a defendant in numerous bodily injury, property damage and personal injury lawsuits alleging health or environment impacts from its operations. Zurich is an insurance company organized under the laws of New York with its

---

[1] Doe Run is the successor to St. Joseph Lead Company, which changed its name to St. Joe Minerals Corporation in approximately 1970. In 1981, St. Joe Minerals Corporation merged into Fluor Acquisition Corporation, which changed its name to The Doe Run Resources Corporation in approximately 1994.

2

main administrative offices in Illinois. Doe Run purchased its primary comprehensive general liability insurance policies from Zurich for a period of almost thirty years, from approximately 1959 to 1985.

B.  Prior Coverage Litigation

As Doe Run became a defendant in injury and property damage claims, it asked Zurich to provide defense coverage and, when needed, indemnity coverage. Zurich initially refused, and on July 27, 1992, Zurich brought a declaratory relief action against Doe Run in this Court, Zurich Insurance Co. v. St. Joe Minerals Corp., No. 4:92-CV-1450 CEJ (E.D. Mo.), seeking a declaration of its rights, duties and obligations under the Zurich policies with respect to the various claims asserted against Doe Run (the "Zurich Action").

On October 5, 1992, Doe Run filed an action in the Superior Court of the State of California, County of Orange, against its primary and excess insurance carriers, including Zurich, for coverage related to various claims. The case was captioned St. Joe Minerals Corp. v. Allianz Insurance Co., No. 697526 (the "St. Joe Action").

Doe Run moved to dismiss the Zurich Action pending in this Court on the ground, among others, that the Court should abstain from exercising jurisdiction in favor of the pending St. Joe Action in California. The Court, Judge Jackson presiding, granted Doe Run's motion, finding that "there are exceptional circumstances that favor giving deference to the concurrent state court action pending in California. Of particular importance in this case is the need to avoid piecemeal litigation and conserve judicial resources in a single proceeding." Zurich Action, Mem. and Order of Nov. 24, 1993, at 5.

From 1992 through 2005, Doe Run and Zurich litigated numerous coverage issues in the St. Joe Action in California. In December 2004, Doe Run and Zurich entered into a confidential

Settlement and Release Agreement, which released Zurich from further coverage obligations with respect to certain claims arising prior to the date of the settlement. Addressing the possibility of later indemnity disputes, the parties stipulated that any future action would be filed in either the federal or state court of Orange County, California or St. Louis, Missouri. Zurich and Doe Run also agreed that all substantive rulings, orders and opinions issued in the St. Joe Action would continue to govern the respective rights and obligations of Doe Run and Zurich in any subsequent coverage dispute.

Zurich filed two lawsuits against Hartford before the same court in California as the St. Joe Action, to litigate contribution issues with respect to Doe Run coverage payments. On approximately March 16, 1998, Zurich filed <u>Zurich Insurance Co. v. Hartford Accident and Indemnity Co., et al.</u>, No. 791336, in the Superior Court of the State of California for the County of Orange (the "First Contribution Action"). Approximately four years later, Zurich filed a parallel contribution action in the same court, <u>Zurich American Insurance Co. v. Hartford Accident and Indemnity Co., et al.</u>, No. 02CC00232, concerning some additional underlying cases (the "Second Contribution Action"). The First Contribution Action proceeded through two trials to a Final Judgment. Pursuant to the holdings and the Final Judgment in that litigation, Zurich has been obtaining contribution from Hartford for certain Doe Run coverage payments.

The St. Joe Action, the First Contribution Action and the Second Contribution Action were deemed related cases in Orange County Superior Court and were all litigated, in part, and concluded before the same judge, the Honorable Ronald L. Bauer. Judge Bauer also presides over another pending California action between Doe Run and Zurich, filed in 2008 and discussed below, that is the basis for Doe Run's motion to dismiss or stay.

4

C. Additional Claims Against Doe Run

After settlement of the St. Joe Action, additional disputes arose between Zurich and Doe Run with respect to Zurich's indemnity obligations for various lawsuits filed against Doe Run. These disputes relate to some of the same underlying claims at issue in the prior St. Joe Action.

1. *The BNSF Action*

In 2005, Doe Run was named as a defendant in BNSF Railway Co. v. The Doe Run Resources Corp., et al. (the "BNSF Action"). The BNSF action concerned the plaintiff railroad's loading, hauling and unloading of lead concentrate for Doe Run from approximately 1967 to 1999, and the alleged releases and exposures associated with those activities.

The railroad sought recovery from Doe Run for, among other things, the defense and settlement of bodily injury and property damage claims by railroad workers relating to lead ore concentrate, and for costs of certain environmental cleanup at rail yards, sidings and tracks. The claims were based on theories of common law contribution, contractual indemnity, negligence and products liability. Doe Run settled the BNSF Action and the claims against it have been dismissed. Zurich paid Doe Run's defense costs during the several year defense of the case. Zurich ultimately also paid the full amount of the BNSF Action settlement on behalf of Doe Run, subject to a reservation of rights.

2. *The Warden Action and the Herculaneum Personal Injury Pending Actions*

Doe Run has been named a defendant and remains a defendant in a number of toxic tort lawsuits concerning alleged lead-related injuries to current and former residents of the areas near its Herculaneum lead smelter. The smelter has been in operation since the late 1800s and continues to operate today. The lawsuits have been brought by two sets of plaintiffs' firms, each using similar

5

complaints for their various plaintiffs. After a number of years spent litigating procedural and jurisdictional disputes, trial dates were set for 2008 and 2009. Some of the plaintiffs have settled and none of the cases has yet gone to trial. The next trial dates are scheduled for May 2009 and September 2009.

One of these lawsuits was the "Warden Action," which is referenced in Zurich's cross-claim. In 2002, Doe Run was named a defendant in Grace Warden, et al. v. The Doe Run Resources Corp., et al. The Warden Action asserted bodily injury, property damage and personal injury claims arising from, among other things, alleged releases of metals and other substances, including lead and cadmium, from the Herculaneum smelter. The plaintiffs in the Warden Action claimed that as a direct and proximate result of Doe Run's acts and omissions they had elevated levels of lead in their bodies, suffered from lead poisoning and from exposure to lead, metals and other hazardous and toxic substances, and sustained permanent and progressive injuries. The lawsuit asserted claims against Doe Run on theories of negligence, strict liability, trespass, battery and product liability. The Warden Action was settled in April 2008 and the claims against Doe Run have been dismissed. Zurich provided coverage for Doe Run's defense and ultimately provided partial funding for the Warden Action settlement, subject to a reservation of rights.

D. Current Coverage Litigation Between Doe Run and Zurich

On July 16, 2008, Doe Run filed an action against Zurich in the Superior Court of the State of California, County of Orange, captioned The Doe Run Resources Corp. v. Zurich-American Insurance Co., No. 2008-00180034 (the "California Action"). In the California Action, Doe Run asserts claims against Zurich for (1) breach of the duty to defend; (2) declaratory relief, and (3) unreasonable refusal to pay. The California Action seeks to address indemnity and other coverage

issues that have arisen since the conclusion of the St. Joe Action. Doe Run filed a First Amended Complaint on December 22, 2008, which asserts causes of action for declaratory relief with respect to Zurich's claimed duty to indemnify Doe Run for (1) the BNSF Action; (2) the Warden Action; and (3) other pending lawsuits. Doe Run seeks a determination that Zurich is obligated under the general liability policies issued to Doe Run to provide indemnity coverage for the BNSF Action, the Warden Action and the other pending lawsuits.

Several months after Doe Run filed the California Action, Hartford and First State filed the instant declaratory judgment action on November 3, 2008. On February 9, 2009, approximately seven months after Doe Run filed the California Action, Zurich filed its cross-claim for declaratory relief against Doe Run in the instant action. In a mirror image of Doe Run's claims against it in the California Action, Zurich's cross-claim against Doe Run seeks declarations concerning its rights and obligations under the policies it issued to Doe Run, concerning indemnity coverage for the BNSF Action, the Warden Action and the pending lawsuits.

**The Prior Order**

    A. The Wilton/Brillhart Standard

The Declaratory Judgment Act confers on federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). The statute provides that a court "*may* declare the rights and other legal relations of any interested party seeking such declaration," id. (quoting 28 U.S.C. § 2201(a)) (emphasis in original case, not original statute). The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right on the litigant." Id. at 287 (quoting Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)).

In Wilton, the Supreme Court reaffirmed the application of Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1942), to a declaratory judgment action:

> Over 50 years ago, in Brillhart . . . , this Court addressed circumstances virtually identical to those present in the case before us today. An insurer, anticipating a coercive suit, sought a declaration in federal court of nonliability on an insurance policy. The District Court dismissed the action in favor of a pending state garnishment proceedings, to which the insurer had been added as a defendant . . . [T]his Court held that, "although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments (sic) Act, it was under no compulsion to exercise that jurisdiction." The Court explained that "ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." The question for a district court presented with a suit under the Declaratory Judgment Act, the Court found, is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court."

Wilton, 515 U.S. at 282 (quoting Brillhart) (internal citations omitted).

The Declaratory Judgment Act gives this Court discretion to determine whether to exercise jurisdiction in a declaratory judgment action or to abstain in favor of a parallel state court proceeding. See Capitol Indem. Corp. v. Haverfield, 218 F.3d 872, 874 (8th Cir. 2000) (citing Wilton, 515 U.S. at 289-90). The Eighth Circuit has instructed that a district court's "key consideration . . . is 'to ascertain whether the issues in controversy between the parties to the federal action . . . can be better settled by the state court' in light of the 'scope and nature of the pending state court proceeding.'" Evanston Ins. Co. v. Johns, 530 F.3d 710, 713 (8th Cir. 2008) (quoting Haverfield, 218 F.3d at 874) (citing Brillhart, 316 U.S. at 495). If the issues would be better settled in the pending state court proceeding, "the district court must dismiss the federal action because 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is

8

pending in a state court presenting the same issues, not governed by federal law, between the same parties.'" Haverfield, 218 F.3d at 874-75 (quoting Brillhart, 316 U.S. at 495).

B. Application of the Wilton/Brillhart Standard

In Doe Run's motion to dismiss or stay Zurich's cross-claim, Doe Run's main argument for dismissal was that the Court should abstain from hearing the cross-claim and dismiss or stay it until disposition of the California Action, because the California Action was better suited to resolve the parties' dispute. Zurich, Hartford and First State disagreed, in large part because they asserted that the instant action was not parallel to the California Action.

Doe Run asserted that the California Action was better suited to resolve the dispute existing between it and Zurich because: (1) The California Action involves the identical issues set forth in Zurich's cross-claim; (2) allowing both actions to proceed runs the risk of inconsistent rulings and would be uneconomical for the parties and a waste of judicial resources; (3) the interpretation and application of Zurich's policies is purely a matter of state law and there are no federal defenses or claims; (4) the parties expressly agreed in the 2004 Settlement Agreement between Doe Run and Zurich that all substantive rulings, orders and opinions issued in the St. Joe Action would continue to govern the parties' respective rights and obligations in future coverage disputes, and the same judge who issued those rulings and has spent thirteen years handling the parties' coverage issues is the judge before whom the California Action is pending; (5) the issues Hartford wishes to litigate in the instant action are premature and, accordingly, Doe Run did not include it in the California Action but could easily join Hartford in that action; and (6) the Court should not sanction Zurich's effort to circumvent Doe Run's chosen forum for its coverage action by means of a later-filed cross-claim in the instant action.

Zurich opposed the motion to dismiss or stay, asserting that abstention was not appropriate because the California Action was not parallel to the instant action in several respects: (1) Hartford and First State are not parties to the California Action; (2) the California Action will only determine Doe Run and Zurich's rights regarding coverage for a limited number of lawsuits; and (3) the instant action is broader and will determine Doe Run's entitlement to coverage under the policies issued by Zurich as well as Hartford and First State, will address a broader range of claims and suits than the California Action, will determine Hartford, First State and Zurich's respective obligations, if any, to contribute to each other, and includes Doe Run's additional claims against Hartford for breaches of fiduciary duty, of the insurance contract, of the duty of good faith and fair dealing, and for vexatious refusal, which are not in the California Action.

Zurich also asserted that abstention was inappropriate because Doe Run's counterclaims against Hartford and First State were an independent basis for the exercise of jurisdiction over this case apart from the Declaratory Judgment Act. Finally, Zurich argued that even disregarding the additional claims outside of the Declaratory Judgment Act, this case was not appropriate for dismissal or stay under the test established by the Eighth Circuit in <u>Scottsdale Insurance Co. v. Detco Industries, Inc.</u>, 426 F.3d 994 (8th Cir. 2005), for determining whether a federal court should retain jurisdiction over a declaratory judgment action when the state proceeding is not a parallel proceeding with the same parties and the same issues.

Hartford and First State also opposed Doe Run's motion, arguing that federal courts have discretion to decline to exercise jurisdiction over a declaratory judgment action under <u>Brillhart</u> and <u>Wilton</u> only where litigation in a state forum may resolve the dispute at issue, such that it would be economically wasteful and vexatious to require the parties to continue in federal court. Hartford

asserted that this action cannot meet that standard because Hartford is not a party to the California Action and, as a result, the California Action would not resolve Hartford's claims, nor would it determine the rights of Doe Run or Zurich with respect to Hartford. Hartford also asserted that the Eastern District of Missouri is a more appropriate forum for litigation of disputes relating to the Herculaneum, Missouri site, where the facts giving rise to the claims arose, and the California court, despite its past involvement with certain of the policies at issue, has no special experience relating to the BNSF and Warden settlements. Hartford stated that the California Action was not complete or advanced, and there was no unsettled question of California law that would make resort to that court particularly appropriate. Finally, Hartford asserted that to extent either case is "unnecessary" or "vexatious" it was the California Action and not the instant action, and characterized Doe Run's motion to dismiss as a "procedural dance" designed to ultimately result in the Court's declining to exercise jurisdiction over Hartford's properly filed claims.

The Court determined that its decision on Doe Run's motion to dismiss or stay Zurich's cross-claim was informed by the standard established in Brillhart and Wilton. With respect to whether the suits were parallel, the Court examined Zurich's cross-claim and the California Action, not whether the entire instant action was parallel to the California Action, and rejected Zurich and Hartford's arguments concerning application of the Scottsdale test.[2]

The Court found that the California Action and the Zurich cross-claim were parallel as both involve the same parties, Doe Run and Zurich, and identical claims for declaratory judgment concerning the parties' rights and responsibilities under the insurance policies issued by Zurich to Doe

---

[2]Compare United States v. Lyon, 2008 WL 2626814 (E.D. Cal. June 26, 2008) (granting motion to dismiss declaratory judgment cross-claims concerning insurance coverage pursuant to the Wilton/Brillhart standard in deference to a parallel state court proceeding).

11

Run, with respect to the BNSF and Warden settlements and other Herculaneum pending lawsuits. As a result, the Court concluded it had the discretion to determine whether to exercise jurisdiction over Zurich's cross-claim or to abstain in favor of the California Action. See Capitol Indem. Corp., 218 F.3d at 874. The Court found that because the cross-claim and the California Action were parallel, allowing both actions to proceed ran the risk of inconsistent rulings and would be uneconomical and vexatious for the parties and a waste of judicial resources.

The Court observed that the core issue in this case is Zurich's potential liability to indemnify Doe Run for the BNSF and Warden settlements and the pending Herculaneum lawsuits, because Zurich was Doe Run's primary insurer for thirty years. In contrast, plaintiff First State issued only umbrella and excess policies to Doe Run, and plaintiff Hartford issued primary liability policies to Doe Run for only two years, during which time Zurich was also a primary insurer. The Court also noted that several issues in this case are necessarily dependent on the initial determination of Zurich's liability to indemnify Doe Run. For example, if there is no coverage to Doe Run under the Zurich policies, Hartford and First State would not entitled to contribution from Zurich. Thus, the Court concluded there was no way to determine Hartford and First State's potential exposure without first deciding the core dispute between Doe Run and Zurich--thus risking duplicative or inconsistent rulings by this Court and the California court.

The Court further observed:

> The interpretation and application of Zurich's policies is purely a matter of state law and there are no federal defenses or claims. Although the California courts in general may have no interest in interpreting and applying Missouri law, in this case Doe Run and Zurich expressly agreed in the 2004 Settlement Agreement that all substantive rulings, orders and opinions issued in the St. Joe Action would continue to govern the parties' respective rights and obligations in future coverage disputes. The California court has spent thirteen years handling Doe Run and Zurich's coverage issues under Missouri law. The long-time familiarity and expertise of the California

court with the exact issues and parties presented in the California Action, and that court's superior ability to interpret its own prior substantive rulings, is a relevant factor in the abstention analysis. All of the issues pending between Zurich and Doe Run can be satisfactorily adjudicated in the California Action, which the Court believes will effectively and efficiently resolve the indemnity claims.

>   Further, the Court does not believe that Doe Run's selection of the California forum was a result of procedural maneuvering, but rather was based on the California court's history and familiarity with prior Doe Run-Zurich litigation and the policies at issue, and the stipulation between Doe Run and Zurich in the Settlement Agreement that the California court was an appropriate forum for the resolution of additional coverage issues. In addition, it appears that Hartford and First State would be amenable to process in the California Action, if it were appropriate for them to be joined therein.

Mem. and Order of May 7, 2009 at 13-15 (footnote omitted).[3]

**Discussion**

In the Motion for Reconsideration, Zurich argues that the Court erred in refusing to apply the Scottsdale test to Doe Run's motion to dismiss or stay, because the Eighth Circuit does not determine whether two actions are "parallel" on a claim-by-claim basis but rather considers the suit as a whole, citing Scottsdale, 426 F.3d 994. Zurich argues that as a result of the Court's prior order it will have to defend this action and establish its coverage defenses with respect to Hartford and First State's contribution claims, but will be unable to assert any cross-claims to make the coverage determination

---

[3]Before the Court issued the Memorandum and Order of May 7, 2009, the California Superior Court denied Zurich's motion to dismiss the California Action on the basis of forum non conveniens. Zurich's forum non conveniens motion was based primarily on the argument that the coverage disputes should be resolved in the instant action rather than the California Action. Although the California court's ruling was without prejudice to reconsideration following this Court's ruling on Doe Run's motion to dismiss or stay Zurich's cross-claim, the court denied Zurich's motion to dismiss because (1) the issues have been litigated in California since 1992, (2) the California Action was filed before the instant action; (3) the Settlement Agreement from the St. Joe Action states that subsequent cases could be filed in California, and Doe Run's predecessor, St. Joe, was a California entity; (4) the rulings in the St. Joe Action are binding on the California Action; and (5) the California Action is an extension of the coverage issues addressed in the St. Joe Action. See Ex. A to Affidavit of Randolph P. Sinnott, Transcript of Apr. 20, 2009 Hearing at 3 (Doc. 66).

in this action binding on Doe Run. Zurich argues that the Court's order will give rise to piecemeal litigation and could cause inconsistent judgments, as it must defend coverage on two fronts. Zurich asserts, for example, that if the California court finds there is no coverage to Doe Run under the Zurich policies, the judgment might not be binding on Hartford and First State as they are not parties to the California action, and Zurich could still be liable to the plaintiffs in this action for contribution.

Zurich also contends that the Court's reliance on the forum selection clause in the Settlement Agreement between it and Doe Run in the St. Joe Action is improper, because "the purported forum selection clause relied on by Doe Run applies only to disputes arising from the settlement agreement itself or as a result of claims for *defense costs* tendered to Zurich after the date of the settlement agreement" and has "no applicability to the claims at issue in this action." Zurich Mot. to Reconsider at 3.

With respect to the issue of parallel suits, the Court agrees with Zurich that if the entire lawsuit is considered, this action is not parallel to the California Action because there are parties and claims present in this action not present in the California Action. Although the California Action and Zurich's cross-claim against Doe Run are parallel when viewed in isolation, the instant action also includes plaintiffs Hartford and First State's declaratory judgment claims against Doe Run, and plaintiffs' contribution claims against Zurich. As a result, the Court will reconsider its prior order and apply the Scottsdale test to Doe Run's motion to dismiss or stay Zurich's cross-claim.

In Scottsdale, the Eighth Circuit recognized that the broad discretion the Supreme Court granted district courts in Wilton is limited to declaratory judgment actions where parallel proceedings are pending. The Court of Appeals agreed with other circuits that where no parallel proceedings are pending, district courts have some, but not complete, discretion in determining whether to dismiss

14

or stay a declaratory judgment action. The Eighth Circuit adopted a six-factor test articulated by the Fourth Circuit as appropriate for guiding the exercise of the district court's discretion under these circumstances. The six relevant factors are:

> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the [federal] proceeding; (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and (6) whether the declaratory judgment action is being used merely as a device for procedural fencing-that is, to provide another forum in a race for res judicata; or to achiev[e] a federal hearing in a case otherwise not removable."

Scottsdale, 426 F.3d at 998 (quoting Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 422 (4th Cir. 1998) (quotation marks and internal citations omitted).

Although the Court will apply the Scottsdale analysis because the cases are not parallel, it must be recalled the motion before the Court is to determine whether Zurich's cross-claim against Doe Run should be stayed or dismissed, not whether the entire case should be stayed or dismissed. The Court therefore considers the Scottsdale factors with respect to the Zurich cross-claim. Zurich's arguments with respect to the Scottsdale factors, as set forth in its Memorandum in Opposition to Doe Run's Motion to Dismiss or Stay (Doc. 52), apply these factors to the suit as a whole. The Court does not believe this to be the appropriate method of analysis for resolution of the Doe Run motion.

After applying the six-factor test, the Court concludes that a stay of Zurich's cross-claim is appropriate in this case. Factors one and two weigh against a stay of the cross-claim. A declaratory ruling on the cross-claim would clarify the legal relations between Zurich and Doe Run and would

15

pave the way for a subsequent determination of the legal relations among all the parties to this action. Factor three weighs slightly in favor of a stay. The insurance policies at issue appear to be governed by Missouri law and California has no particular interest in deciding the Zurich-Doe Run coverage issue, but the California court has made numerous prior rulings on the coverage issues presented by the cross-claim and has an interest in enforcing its orders issued during the many years of litigation between Zurich and Doe Run's predecessor, which was a California entity. Cf. Scottsdale, 426 F.3d at 999 (where state court had not been called upon to address coverage issues, a determination of those issues by the district court would not conflict with any state court determinations).

Factor four weighs heavily in favor of staying the cross-claim. As stated in the Order of May 7, 2009, the California court has spent thirteen years handling Doe Run and Zurich's coverage issues under Missouri law. The California court therefore has a long-time familiarity and expertise with the exact issues and parties presented in the cross-claim. This is particularly important because Zurich and Doe Run's predecessor expressly agreed in their Settlement Agreement that "all substantive rulings, order and opinions issued in the [California] Action" which were not reversed by the California appellate courts or otherwise rendered inapplicable "shall continue to govern the respective rights of [Doe Run] and Zurich under the Policies with respect to claims for coverage arising after the effective date of this Agreement and defense costs first submitted to Zurich for reimbursement on or after November 1, 2004[.]" Settlement Agreement at 6, ¶ 12. The Court believes it would be far more efficient for a court with over a decade's experience with a dispute to address issues similar to those it has previously decided, particularly where the California court's decisions are to be governed and informed by its prior orders, than for this Court to step into this long-running dispute

16

and pick up where the California court left off. The California court necessarily has a superior ability to interpret its prior rulings.

The fifth factor also weighs heavily in favor of a stay. Allowing the Zurich cross-claim to go forward would result in "unnecessary entanglement" between the federal and state court systems. This is because identical issues are presented in the cross-claim and the California Action, the resolution of which hinge on the same--not merely overlapping--questions of law and fact. Further, resolution of the issues in the cross-claim and the California Action will require application of the California court's prior orders, which could be interpreted and applied differently by this Court and the California court.

Finally, the Court examines whether Zurich used the declaratory judgment cross-claim as a "procedural fencing" device. The Eighth Circuit has explained that the sixth factor cautions against a "race to invoke a prior judgment in litigation involving the same cause of action and the same parties or their privies." Scottsdale, 426 F.3d at 1000 (quotation marks and quoted case omitted). While Zurich might hope to obtain a favorable result from this Court on its cross-claim and use that judgment as res judicata to Doe Run's claims in the California Action, the Court does not believe this was Zurich's intent in filing the cross-claim. Zurich was named a defendant in this lawsuit by Hartford and First State and cannot be faulted for attempting to assert and protect its interests in this action. The sixth factor is therefore neutral.

Upon weighing the six factors, the Court finds in the exercise of its limited discretion under Scottsdale that a stay of the Zurich cross-claim should be granted. As discussed above, the first two factors weigh in favor of proceeding with the cross-claim. The third factor weighs slightly in favor of a stay, and the fourth and fifth factors weigh heavily in favor of a stay. The sixth factor is neutral.

17

Consideration of the fourth and fifth factors tips the balance toward a stay, based on the particular circumstances of the prior thirteen years of litigation history between Zurich and Doe Run on very similar issues before the California court, and these parties' agreement that prior rulings of that court will continue to govern their future coverage disputes.[4]

Doe Run's motion to dismiss or stay Zurich's cross-claim should therefore be granted to the extent that the Zurich cross-claim against Doe Run will be stayed pending resolution of the parties' dispute in the California court.

**Conclusion**

For the foregoing reasons, the Court grants Zurich's motion for reconsideration and, having reconsidered its prior order, will grant Doe Run's motion to stay the Zurich cross-claim in favor of

---

[4]The Court rejects Zurich's contention that the forum selection clause of the parties' Settlement Agreement applies only to disputes arising from the Settlement Agreement itself or as a result of claims for defense costs tendered to Zurich after the date of the Settlement Agreement. The forum selection clause states,

> Each of the Parties expressly reserves the right . . . <u>to resolve any disputes regarding their respective rights and obligations under the Policies</u> . . . arising on or subsequent to the effective date of this Agreement, <u>or with respect to defense costs first submitted to Zurich for reimbursement on or after November 1, 2004</u>, to file a new action. The Parties expressly agree that any new action shall be filed in either the federal or state courts of Orange County, California or St. Louis, Missouri.

Settlement Agreement at 6-7, ¶ 7 (emphasis added). The quoted language is broad and encompasses <u>any</u> post-Settlement Agreement disputes between the parties regarding their rights and obligations under the relevant policies, and is not limited to defense costs. This conclusion is buttressed by a separate provision in the Settlement Agreement which states that the Agreement does not apply to "<u>any claims, demands, rights, liabilities and causes of action of any nature</u>" by Doe Run's predecessor "seeking or relating to (a) <u>any claim for coverage</u> under any of the Policies arising subsequent to the effective date of [the] Agreement, including, but not limited to, any claim for indemnity with respect to any settlement entered into by or judgment entered against [Doe Run] on or subsequent to the effective date of this Agreement; or (b) any claim for payment of defense costs first submitted to Zurich for reimbursement on or after November 1, 2004." Settlement Agreement at 5, ¶ 4 (emphasis added).

18

the California Action. Zurich's motion for oral argument on the motion for reconsideration will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Zurich American Insurance Company's Motion to Reconsider, Set Aside, and Vacate this Court's Order Staying Zurich's Cross-Claim is **GRANTED**. [Doc. 74]

**IT IS FURTHER ORDERED** that defendant The Doe Run Resources Corporation's motion to dismiss or, in the alternative, to stay defendant Zurich American Insurance Company's cross-claim for declaratory relief is **GRANTED** to the extent that Zurich's cross-claim is **stayed** pending its resolution in the Superior Court of California. [Doc. 43].

**IT IS FURTHER ORDERED** that Zurich American Insurance Company's motion for oral argument on its motion to reconsider is **DENIED**. [Doc. 76]

                                        **CHARLES A. SHAW**
                                        **UNITED STATES DISTRICT JUDGE**

Dated this   23rd   day of July, 2009.