UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HARTFORD ACCIDENT AND INDEMNITY COMPANY and FIRST STATE INSURANCE COMPANY,<br><br>      Plaintiffs,<br><br>v.<br><br>THE DOE RUN RESOURCES CORPORATION f/k/a ST. JOE MINERALS CORPORATION,<br><br>and<br><br>ZURICH AMERICAN INSURANCE COMPANY as successor-in-interest to ZURICH INSURANCE COMPANY, U.S. BRANCH<br><br>      Defendants. | No. 4:08-CV-01687-CAS |
| THE DOE RUN RESOURCES CORPORATION,<br><br>      Counter-Claimant,<br><br>v.<br><br>HARTFORD ACCIDENT AND INDEMNITY COMPANY and FIRST STATE INSURANCE COMPANY,<br><br>      Counter-Defendants. | |

**THE DOE RUN RESOURCES CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNT THREE IN HARTFORD'S COMPLAINT RE:** *BNSF*
**FOR LACK OF SUBJECT MATTER JURISDICTION**

## I. INTRODUCTION

Doe Run has presented uncontested affidavits by its counsel stating that settlement of the BNSF Action has been fully funded by Zurich, and that Hartford has not paid a single cent to Doe Run in connection with that settlement. It is further undisputed that Doe Run has not sought payment from Hartford for the BNSF Action at any time since the settlement was funded by Zurich.

Despite the fact that Hartford is not out of pocket for any amount, and there are no coverage payments sought by Doe Run or owed by Hartford, Hartford is asking this Court to waste precious time and resources adjudicating a hypothetical claim that will likely never come to pass.[1] There is simply no support either in law or fact for proceeding with Hartford's claim, and Hartford will not suffer any prejudice if Count Three of its claim with respect to the BNSF Action is dismissed.

## II. THE COURT SHOULD DISMISS COUNT THREE REGARDING *BNSF*

### A. Hartford Has Failed To Establish That Its Claim Regarding *BNSF* Is Ripe

#### 1. Hartford Has Not Paid Anything And Does Not Owe Anything To Doe Run for *BNSF*

Hartford has not (and cannot) dispute that it has not paid even a single cent to Doe Run. See Halpern Decl., ¶ 4. Nor can Hartford dispute that the BNSF settlement was fully funded by Zurich, or that Doe Run has no outstanding coverage demand against Hartford. See id. at ¶ 3.

---

[1] Leaving as the only explanation that Hartford (ironically, a relative bit-player in Doe Run's coverage program) looks to maximize litigation pressure on Doe Run rather than focus on ripe controversies. That is not a valid use of declaratory relief.

Furthermore, the facts here are easily distinguishable from those at issue in the cases cited by Hartford. First, the holding in Aetna Casualty & Surety Co. v. General Dynamics Corp., 968 F.2d 707 (8th Cir. 1992), is inapposite, given that Aetna had to weigh issues concerning the insurer's *duty to defend* which can touch on various prophylactic rights and obligations for the insurer. Here the duty to defend is not at issue, and the only issue is a hypothetical duty to indemnify a settlement already consummated by Doe Run and paid by a third party. Moreover, at issue in Aetna were sixteen environmental sites over which General Dynamics was either engaged in litigation or had received "letters from federal and state environmental protection agencies or from private parties demanding that it clean up environmental wastes." Id. at 709. Therefore, even though no suit had been filed with respect to some of the sites, General Dynamics would incur costs either from the cleanup of those sites or lawsuits relating thereto, and therefore sought coverage from Aetna for those costs. Here, on the other hand, all of Doe Run's settlement costs have been covered by Zurich and *Doe Run has not sought any payment from Hartford since Zurich's funding of the settlement*. See Halpern Decl., at ¶ 4.

The holding in Capital Indemnity Corp. v. Miles, 978 F.2d 437 (8th Cir. 1992), is similarly distinguishable. In Capital Indemnity, the insured still faced liability as a result of a pending underlying contribution action and therefore specifically was pursuing a coverage demand on its insurer. See id. at 437 ("Miles has made a demand on the appellant."). Here, the BNSF Action has been settled and Zurich covered Doe Run's settlement costs. There are no additional costs for which Doe Run is seeking (or could seek) payment from Hartford in connection with the BNSF Action. See Halpern Decl., at ¶ 4.

## 2. **Hartford Admits That Its Claim Is Purely Speculative**

Hartford admits that its claim regarding the BNSF Action is purely speculative and wholly dependent on Doe Run's claims against Zurich in the pending California action. In particular, Hartford states, "*If* Zurich is successful, Doe Run *will likely* push that claim against Hartford for coverage . . ." Opposition at 4 (emphasis added). The qualifiers in Hartford's statement constitute a clear admission that its declaratory judgment claim regarding BNSF will only ripen if several preceding events come to pass, which may not, in fact, ever happen. First, Zurich must decide to pursue and then successfully establish a right to recoupment for the BNSF settlement payment in the action pending in California titled The Doe Run Resources Corp. v. Zurich Am. Ins. Co., Orange County Superior Court Case No. 30-2008-00180034 (the "California Action"). Second, depending on the grounds for the hypothetical adverse decision in the California Action (including appeals), Doe Run must decide to pursue a claim against Hartford for amounts recouped by Zurich, which it may not choose to do. Third, if Doe Run chooses to pursue a claim, it must determine on what grounds and under which policies it will do so. All of these steps must occur before Hartford's claim ripens, and any assertion to the contrary is belied by Hartford's own admissions.

Furthermore, the fact that Zurich funded the BNSF settlement under a reservation of rights does not render Hartford's claim ripe, and Hartford has not cited any case law to support that assertion. Indeed, if that were the basis for finding a claim ripe, then every insurance payment made under a reservation of rights (which in the industry is nearly every voluntary coverage payment) would constitute sufficient grounds for another insurer to bring

3

a speculative claim for declaratory judgment. That is not the purpose or a valid use of declaratory relief for coverage claims.[2]

Furthermore, Hartford wants to have its cake and eat it too when it comes to case management for these speculative coverage claims. Hartford cannot argue, on the one hand, that a stay in this matter is inappropriate (see Hartford's Opposition to Motion to Stay - Docket No. 84) at 8), but at the same time admit that its claims are wholly contingent on future events including another pending matter, *i.e.*, the California Action.

### B. Hartford Fails To Offer Any Evidence In Support Of Its Arguments

Hartford's opposition fails on the merits, but also fails on the ground that Hartford's arguments are premised on unsupported (and, as it happens, often untrue) statements. For example, Hartford argues that "If, however, Zurich prevails in its reimbursement claim against Doe Run, Doe Run fully intends to turn to Hartford for coverage . . ." Hartford failed to provide *any* evidence to support these assertions. Indeed, *Hartford did not provide a single document or declaration* to support its allegations. See, e.g., Opposition at 2. Harford cannot expect this Court to look outside the Complaint and simply "take its word for it." This failure is in violation of Eastern District of Missouri Local Rule 7-4.01(A) ("If the motion requires consideration of facts not appearing in the record, *the party also shall file all documentary evidence relied upon*.") (emphasis added).

---

[2] And it would be quite a new weapon in the arsenal of litigation tactics for insurance industry lawyers seeking to bulldoze their policyholders.

4

### C. Hartford's Request For Leave To Amend Must Be Denied

#### 1. Hartford Has Not Filed A Proper Motion For Leave To Amend

Concerned over losing Doe Run's motion, Hartford cannot use it its opposition to Doe Run's motion as a vehicle for seeking leave to amend. See Clayton v. White Hall Sch. Dist., 778 F.2d 457, 460 ( 8th Cir. 1985) (denying leave to amend where plaintiff "did not submit a motion for leave to amend but merely concluded her response to the school district's motion to dismiss with a request for leave to amend. Moreover, appellant did not offer a proposed amended complaint or even the substance of the proposed amendment to the district court."). Hartford's failure to file a proper motion for leave, along with its failure to submit a proposed amended complaint with its opposition to Doe Run's motion, provides sufficient basis to deny its improper request for leave to amend.

#### 2. Hartford Is Not Entitled To Leave To Amend Because Any Such Amendment Would Be Futile

Furthermore, "there is no absolute or automatic right to amend one's complaint." Meehan v. United Consumers Club Franchising Corp., 312 F.3d 909, 913 (8th Cir. 2002). In particular, Hartford is not entitled to leave to amend where such amendment would be futile. See Lee v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005) ("Futility is a valid basis for denying leave to amend."); see also Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052 (8th Cir. 2005) ("A district court may appropriately deny leave to amend 'where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or *futility of the amendment*.'") (emphasis added) (citing Hammer v. City of Osage Beach, 318 F.3d 832, 844 (8th Cir. 2003)).

5

Here, the allegations Hartford proposes to add to the amended complaint would not resurrect its claim regarding the BNSF Action, which can only be resurrected by the development of a ripe controversy between the parties, should that ever happen. In particular, Hartford intends to assert that "Doe run has never withdrawn its tender or otherwise indicated that it has changed its view that Hartford may be obligated to fund the BNSF settlement." Opposition at 7. This purported allegation does not remedy the deficiency in Hartford's complaint. The "tender" to which Hartford refers was a demand made by Doe Run at the time of the BNSF settlement for funding of the settlement. Given that Zurich funded the settlement (see Halpern Decl., ¶ 3), there is no outstanding demand to be withdrawn. Hartford cannot fabricate a ripe claim using semantics, the facts necessary for the claim do not exist and may never develop..

### D.     Hartford Will Not Suffer Any Hardship

Hartford's assertions that it will suffer hardship if its Count Three is dismissed with respect to the BNSF Action ring hollow. Indeed, contrary to Hartford's assertions (Opposition at 7), the facts underlying the Warden Action and the BNSF Action are very different. As this Court is well aware, the BNSF Action concerned the loading, hauling and unloading of lead concentrate, with the involvement of the railroad, and the alleged releases and exposures to railroad employees associated with those activities on sidetracks, loading stations and other railroad points. The issues have little, if any, relation to the Herculaneum smelter, or claims concerning that smelter. The Warden Action asserted bodily injury, property damage, and personal injury claims arising from, *inter alia*, alleged exposures to metals and other substances, including lead and cadmium, by current and former residents in the vicinity of the Herculaneum smelter. Likewise, the BNSF Action is an indemnity and

6

contribution action by a railroad company, with whom Doe Run formerly did business, and was prosecuted by the railroad's attorneys. The Warden Action was brought by personal injury plaintiffs' firms, who have prosecuted and are prosecuting a number of other similar lawsuits against Doe Run concerning the Herculaneum operations. Accordingly, these actions deal with different facts and issues with very different histories and underlying players. Therefore, addressing the Warden Action in the instant litigation, and dismissing Count Three with respect to the BNSF Action will not result in piecemeal litigation.

### III.  CONCLUSION

For all the foregoing reasons, and those reasons set forth in Doe Run's motion, Doe Run respectfully requests that the Court dismiss Hartford's Count Three as it relates to the BNSF Action.

Dated:  September 25, 2009              Respectfully submitted,

ABELSON | HERRON LLP


By: /s/ Marc D. Halpern
    Marc D. Halpern
    Gwendolyn M. Toczko
    501 West Broadway, Suite 800
    San Diego, CA  92101
    (619) 618-7000 (telephone)
    (619) 618-7001 (facsimile)
    mhalpern@abelsonherron.com
    gtoczko@abelsonherron.com

    Heather L. Mayer
    333 South Grand Avenue, Suite 1550
    Los Angeles, CA  90071
    (213) 402-1900 (telephone)
    (213) 402-1901 (facsimile)
    hmayer@abelsonherron.com

    *Counsel for Defendant and Counter-Claimant*
    *The Doe Run Resources Corporation*

# CERTIFICATE OF SERVICE

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI – EASTERN DIVISION

**Hartford Accident And Indemnity Company, et al.**
**v.**
**The Doe Run Resources Corporation, et al.**
**District Court Case No. 4:08-cv-01687-CAS**

I am over the age of 18 and not a party to the within action; I am employed by Abelson | Herron, LLP in the County of San Diego at 501 West Broadway, Suite 800, San Diego, California, 92101.

On September 25, 2009, I served the document below described as:

**THE DOE RUN RESOURCES CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNT THREE IN HARTFORD'S COMPLAINT RE: *BNSF* FOR LACK OF SUBJECT MATTER JURISDICTION**

The document was served by the following means:

X   **BY ELECTRONIC TRANSMISSION VIA NEF** I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which sent Notifications of Electronic Filing to the persons at the e-mail addresses listed immediately below. Accordingly, pursuant to the Court's Local Rule 5-2.12, I caused the document to be sent electronically to the persons listed immediately below.

| | |
|---|---|
| Theodore J. MacDonald, Jr., Esq.<br>Michael L. Young, Esq.<br>HEPLER BROOM, MACDONALD,<br>   HEBRANK, TRUE & NOCE LLC<br>800 Market Street, Suite 2300<br>St. Louis, Missouri 63101<br>E-mail: tjm@heplerbroom.com<br>E-mail: mly@heplerbroom.com | Counsel for Plaintiffs and Counter-Defendants,<br>HARTFORD ACCIDENT AND INDEMNITY COMPANY; and<br>FIRST STATE INSURANCE COMPANY |
| Russell F. Watters, Esq.<br>Timothy J. Wolf, Esq.<br>Patrick A. Bousquet, Esq.<br>BROWN & JAMES, P.C.<br>1010 Market Street, 20th Floor<br>St. Louis, Missouri 63101<br>E-mail: rwatters@bjpc.com<br>E-mail: twolf@bjpc.com<br>E-mail: pbousquet@bjpc.com | Counsel for Defendant,<br>ZURICH AMERICAN INSURANCE COMPANY |
| Randolph P. Sinnott, Esq.<br>JoLynn M. Pollard, Esq.<br>SINNOTT, DITO, MOURA & PUEBLA, APC<br>707 Wilshire Boulevard, Suite 3200<br>Los Angeles, California 90017<br>E-mail: rsinnott@sdmp.com<br>E-mail: jpollard@sdmp.com | Counsel for Defendant,<br>ZURICH-AMERICAN INSURANCE COMPANY |

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct.

Executed on September 25, 2009 at San Diego, California.

/S/ Marc D. Halpern
Marc D Halpern

I am over the age of 18 and not a party to the within action; I am employed by Abelson | Herron, LLP in the County of Los Angeles at 333 South Grand Avenue, Suite 1550, Los Angeles, California 90071.

**X**  **BY U.S. MAIL** I enclosed the document in a sealed envelope addressed to the persons at the address listed immediately below and placed the sealed envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the said date, they are deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid

| | |
|---|---|
| James P. Ruggeri, Esq.<br>Joshua D. Weinberg, Esq.<br>HOGAN & HARTSON LLP<br>555 Thirteenth Street, NW<br>Washington, D.C. 20004 | Counsel for Plaintiffs and Counter-Defendants,<br>HARTFORD ACCIDENT AND INDEMNITY COMPANY; and<br>FIRST STATE INSURANCE COMPANY |

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct.

Executed on September 25, 2009 at Los Angeles, California.

Soonja Bin

- Certificate of Service -