UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HARTFORD ACCIDENT AND INDEMNITY COMPANY, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) No. 4:08-CV-1687 CAS |
| THE DOE RUN RESOURCES CORPORATION, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant The Doe Run Resources Corporation's ("Doe Run") Motion to Dismiss Count Three in Hartford's Complaint re: BNSF For Lack of Subject Matter Jurisdiction, based on lack of ripeness. Plaintiffs Hartford Accident and Indemnity Company and First State Insurance Company (collectively "Hartford") oppose the motion to dismiss, and it is fully briefed. For the following reasons, the motion will be granted.

**Background**

This is an insurance coverage action in which Hartford seeks declarations regarding its rights and obligations to indemnify Doe Run under certain primary and excess insurance policies issued to Doe Run's predecessors. Doe Run has been named as a defendant in a number of bodily injury and/or property damage lawsuits filed against it arising out of its operation of a lead smelter near Herculaneum, Missouri (the "Underlying Claims"). Some of the Underlying Claims have settled, including suits known as Warden and BNSF, and others remain pending.[1] Count Three of Hartford's

---

[1]Grace Warden, et al. v. The Doe Run Resources Corp., et al., Case No. 022-10635 in the Circuit Court for the St. Louis, State of Missouri; and BNSF Railway Co. v. The Doe Run Resources

complaint seeks declarations that its insurance policies do not provide coverage to Doe Run for the Warden and BNSF settlements. Doe Run's motion to dismiss targets only the portion of Count Three that concerns the BNSF settlement.

**Legal Standard**

Doe Run's motion to dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(1). See Wax 'n Works v. City of St. Paul, 213 F.3d 1016, 1020 (8th Cir. 2000) (indicating that whether a claim is ripe for adjudication goes to a court's subject matter jurisdiction under the case or controversy clause of Article III of the federal Constitution). "A district court has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (internal punctuation and quoted case omitted). Doe Run's motion is based on the complaint as well as undisputed facts evidenced in the record, as contained in the Declaration of Marc D. Halpern.

**Discussion**

Hartford's complaint seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, which provides that federal courts can grant declaratory relief in "a case of actual controversy." "The Supreme Court has emphasized that the 'case of actual controversy' language limits federal court action to justiciable cases." Public Water Supply Dist. No. 10 of Cass County, Mo. v. City of Peculiar, Mo., 345 F.3d 570, 572-73 (8th Cir. 2003) (citing Aetna Life Ins. Co. v. Haworth, 300 U.S.

---

Corp., et al., Case No. 052-1585 in the Circuit Court for the City of St. Louis, State of Missouri.

227, 239-40 (1937)). To resolve the instant motion, the Court must determine whether Hartford's request for declaratory relief meets the traditional justiciability requirement of ripeness.

"The ripeness doctrine flows both from the Article III 'cases' and 'controversies' limitations and also from prudential considerations for refusing to exercise jurisdiction." Nebraska Pub. Power Dist. v. MidAmerican Energy Co., 234 F.3d 1032, 1037 (8th Cir. 2000). The intent of the ripeness doctrine is to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967). "The difference between an abstract question and a 'case or controversy' is one of degree, of course, and is not discernible by any precise test." Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 299 (1979). The ripeness inquiry requires a court to examine both "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Abbott Labs., 387 U.S. at 149. This is a two-pronged test, and "[a] party seeking judicial relief must necessarily satisfy both prongs to at least a minimal degree." Nebraska Pub. Power, 234 F.3d at 1039.

The fitness prong of the test requires examination of the definiteness or certainty of a claim, to "safeguard[] against judicial review of hypothetical or speculative disagreements." Id. at 1038. "Whether a case is 'fit' depends on whether it would benefit from further factual development." Public Water Supply, 345 F.3d at 573. "The case is more likely to be ripe if it poses a purely legal question and is not contingent on future possibilities." Id.

The hardship prong recognizes that a party need not wait until a threatened injury actually occurs, but requires examination of the immediacy and extent of the alleged threatened harm. Nebraska Pub. Power, 234 F.3d at 1038. "Abstract injury is not enough. It must be alleged that the plaintiff has sustained or is immediately in danger of sustaining some direct injury as the result of the

3

challenged statute or official conduct." O'Shea v. Littleton, 414 U.S. 488, 494 (1974) (internal quotations and citations omitted). The threatened "injury must be 'certainly impending.'" Paraquad, Inc. v. St. Louis Hous. Auth., 259 F.3d 956, 958-59 (8th Cir. 2001) (quoting Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979)).

Doe Run asserts that Hartford's claim for declaratory relief based on the BNSF settlement does not satisfy the "actual controversy" requirement of the Declaratory Judgment Act, because any decision by the Court would be based purely on speculative future developments. The Halpern Declaration states that the BNSF settlement was fully funded by another insurer, defendant Zurich American Insurance Company ("Zurich"), the settlement funds have been received from Zurich and applied to the settlement, Hartford did not contribute any money to the BNSF settlement, and Doe Run is not seeking any additional coverage payment from Hartford.

Hartford responds that its claims in Count Three regarding the BNSF settlement are ripe for resolution. Hartford states that a real and present dispute exists because Zurich funded the BNSF settlement under a reservation of rights, and is seeking to recoup from Doe Run in separate litigation sums it paid for the settlement. Hartford asserts that if Zurich is successful in those efforts, Doe Run will likely assert claim for coverage from Hartford relating to BNSF. Hartford states that before Doe Run finalized the BNSF settlement, it asked Hartford to fund a portion of the settlement, and has never withdrawn its position that Hartford's policies provide coverage for the BNSF claim. Hartford contends that under Eighth Circuit precedent, when an insurer and its insured dispute coverage, there is a ripe, justiciable controversy between them even though coverage is contingent on the outcome of a separate litigation, citing Aetna Casualty and Surety Co. v. General Dynamics Corp, 968 F.2d 707 (8th Cir. 1992), and Capitol Indemnity Corp. v. Miles, 978 F.2d 437 (8th Cir. 1992).

4

Doe Run replies that Hartford's claim regarding the BNSF settlement is purely speculative and wholly dependent on Doe Run's claims against Zurich in the separate litigation, and will ripen only if several preceding events occur, which may not ever happen:

> First, Zurich must decide to pursue and then successfully establish a right to recoupment for the BNSF settlement payment in the action pending in California titled The Doe Run Resources Corp. v. Zurich Am. Ins. Co., Orange County Superior Court Case No. 30-2008-00180034 (the "California Action"). Second, depending on the grounds for the hypothetical adverse decision in the California Action (including appeals), Doe Run must decide to pursue a claim against Hartford for amounts recouped by Zurich, which it may not choose to do. Third, if Doe Run chooses to pursue a claim, it must determine on what grounds and under which policies it will do so. All of these steps must occur before Hartford's claim ripens, and any assertion to the contrary is belied by Hartford's own admissions.

Doe Run Reply at 3.

The Court finds that Hartford does not satisfy either the fitness or hardship prongs because its claimed injury is contingent on future possibilities and is speculative. There is no contention that Hartford is suffering an injury now. The potential injury to Hartford can come only after Zurich prevails against Doe Run in separate litigation concerning the BNSF settlement, and then Doe Run makes a claim against Hartford under its policies. Neither of these possibilities has happened yet, and it is not clear that either will ever happen. Thus, there is nothing in the record to suggest that a Doe Run claim against Hartford concerning the BNSF settlement is "certainly impending." Paraquad, 259 F.3d at 959. The Eighth Circuit "has repeatedly stated that a case is not ripe if the plaintiff makes no showing that the injury is direct, immediate, or certain to occur." Public Water Supply, 345 F.3d at 573 (citing Paraquad, 259 F.3d at 959-60 ("[T]he injury must be certainly impending.") (internal quotations and citations omitted); South Dakota Mining Ass'n, Inc. v. Lawrence County, 155 F.3d 1005, 1008 (8th Cir. 1998) (a plaintiff must "'demonstrate a realistic danger of sustaining a direct

injury'") (quoting Babbitt, 442 U.S. at 298); Employers Ass'n, Inc. v. United Steelworkers of Am., AFL-CIO-CLC, 32 F.3d 1297, 1299 (8th Cir. 1994) ("Ripeness is demonstrated by a showing that a live controversy exists such that the plaintiffs will sustain immediate injury[.]"); Marine Equip. Mgmt. Co. v. United States, 4 F.3d 643, 647 (8th Cir. 1993) (refusing to declare the rights of the plaintiff against future litigants when there was not a substantial probability that any such claims would ever be made)).

Certainly, a declaratory judgment action may be justiciable despite the pendency of underlying litigation or the presence of unresolved facts. See, e.g., Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 243 (1937) (declaratory judgment action seeking resolution of an insured's coverage was justiciable; rejecting the contention that a declaratory judgment action would be premature merely because it turns on questions of fact); and Aetna, 968 F.2d at 709 (insurer's action seeking declaratory judgment that it had no duty to defend or indemnify the insured in claims brought against the insured for alleged environmental pollution were justiciable even though facts remained unresolved in the underlying disputes). Although "[t]he precise line between ripe actions and premature actions is not an easy one to draw," Public Water Supply, 345 F.3d at 574, as long as the dispute presented is real and immediate, rather than abstract, there is a "live justiciable controversy between the parties sufficient to invoke the jurisdiction of the district court." Aetna, 968 F.2d at 711 (citing Aetna Life Ins., 300 U.S. at 227).

The dispute in the instant case is not real and immediate for the reasons discussed above, and is distinguishable from the Eighth Circuit's Aetna and Capitol Indemnity decisions on which Hartford relies. In Aetna, a justiciable controversy existed between the insurer, Aetna, and its insured, General Dynamics, where General Dynamics made a demand for Aetna to defend it against lawsuits


concerning environmental contamination at seven sites and letters from environmental protection agencies demanding that it clean up environment waste at nine other sites. Aetna, 968 F.2d at 709. In contrast, there is no duty to defend at issue here. The only issue is a speculative, hypothetical duty for Hartford to indemnify the BNSF settlement already completed by Doe Run and paid for by a third party, Zurich.

In Capitol Indemnity, a liability insurer's suit for declaratory judgment that it had no duty to indemnify its insured against a contribution claim was ripe and justiciable, even though the contribution suit had not been resolved, where the insurer took the position that there were no circumstances under which it could owe the insured any money. 978 F.2d at 438. Capitol Indemnity is distinguishable because the insured still faced liability as a result of the pending contribution action and therefore specifically was pursuing a coverage demand on its insurer. In contrast, in this case, Doe Run has settled the BNSF suit, and is not seeking any additional coverage payment from Hartford because full funding of the settlement was provided by Zurich. Moreover, the insurer in Capitol Indemnity faced a potential injury that was much more "direct, immediate or certain to occur" than Hartford's claimed injury. See Public Water Supply, 345 F.3d at 573. In this case, because of the hypothetical and speculative nature of its claim, Hartford cannot show that its injury is "certainly impending," Paraquad, 259 F.3d at 959-60, "demonstrate a realistic danger of sustaining a direct injury," South Dakota Mining Ass'n, 155 F.3d at 1008, or show a substantial probability that Doe Run will ever assert BNSF coverage claims against it. Marine Equip. Mgmt., 4 F.3d at 647.

**Request for Leave to Amend**

At the end of its opposition memorandum, Hartford asks in the alternative for leave to amend its complaint if "the Court believe that the factual basis for Count Three should be set forth with

greater specificity." Hartford Opp. at 7. Hartford would add allegations that: (1) Doe Run approached Hartford and sought Hartford's participation for the BNSF settlement; (2) Doe Run was unable to establish that the case was covered by the Hartford policies and, therefore, Hartford declined to fund any settlement; and (3) Doe Run has never withdrawn its tender or otherwise indicated it has changed its view that Hartford may be obligated to fund the BNSF settlement. Id.

Although a court "should freely give leave when justice so requires," see Fed. R. Civ. P. 15(a), plaintiffs do not have an absolute or automatic right to amend. United States ex rel. Lee v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005). "[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion." Clayton v. White Hall Sch. Dist., 778 F.2d 457, 460 (8th Cir. 1985). The Eighth Circuit has held that where a party merely includes a request for leave to amend as part of its opposition to a motion to dismiss, and does not submit a proposed amended pleading, leave to amend is properly denied. See In re Novastar Fin. Inc., Sec. Litig., No. 08-2452, 2009 WL 2747281, at *4, __ F.3d __ (8th Cir. Sept. 1, 2009); Dudek v. Prudential Sec., Inc., 295 F.3d 875, 880 (8th Cir. 2002); Clayton, 778 F.2d at 460.

In this case, Hartford's request for leave to amend its complaint is not set forth in a motion for leave to amend accompanied by a proposed amended complaint. As such, it is procedurally defective and may be denied on that basis. Furthermore, the factual allegations that Hartford seeks to add would not alter the Court's analysis of the ripeness issue presented by Doe Run's motion to dismiss. The request for leave to amend will therefore be denied.

**Conclusion**

For the foregoing reasons, the Court will grant Doe Run's motion to dismiss Count Three of Hartford's Complaint with respect to the BNSF settlement, for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that The Doe Run Resources Corporation's Motion to Dismiss Count Three in Hartford's Complaint re: BNSF For Lack of Subject Matter Jurisdiction is **GRANTED**. [Doc. 101]

An appropriate order of partial dismissal will accompany this Memorandum and Order.

　　　　　　　　　　　　　　　　　　　　　*/s/ Charles A. Shaw*
　　　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  2nd  day of October, 2009.